MERCANTILE TRUST & DEPOSIT Co. *et al. v.* RHODE ISLAND HOSPITAL TRUST Co. *et al.*

*(Circuit Court, D. Rhode Island.* September 29, 1888.)

1. WILLS—REVOCATION—BIRTH OF CHILD.
   Under Pub. St. R. I. c. 182, § 12, which provides that a child born after the execution of his parent's will, "without having any provision made for him in such will," shall inherit as if the parent had died intestate. a will made by a married man, having no children, in which he gives his sister a certain legacy in case of his death leaving no children born of his wife, and a smaller legacy in case of his death leaving children born of said wife or their descendants, and in either event bequeaths all the residue of his estate to his wife, does not make such provision for after-born children as will bar them from inheriting.

2. EQUITY—PLEADING—DEMURRER.
   A demurrer to a bill for want of equity will not lie when the complainant is entitled to part of the relief prayed for.

In Equity. On demurrer to bill of the Mercantile Trust & Deposit Company and others against the Rhode Island Hospital Trust Company and others.

*Miner & Roelker,* for complainants.

*Arnold Greene* and *Jas. Tillinghast,* for defendants.

COLT, J. This case was heard upon the demurrer of the Rhode Island Hospital Trust Company. The principal ground of demurrer is want of equity in the bill. The bill is brought by the trustee and *cestuis que trustent* under the will of Carlotta I. Whipple, deceased, to obtain from the Rhode Island Hospital Trust Company certain personal property alleged to be a part of the trust property under said will. It appears from the bill of complaint that Jeremiah Whipple, husband of Carlotta, made a will, having at the time no children, and that afterwards a daughter, Sarah, was born, and that he died leaving his wife and his daughter surviving. His wife proved his will, and was appointed executrix thereof. Afterwards she died, leaving a will which provided that all her residuary estate, real and personal, should go to her daughter, Sarah, and in case of the death of her daughter without children, the estate was devised to a trustee in trust for the children of her sister, Ellen L. Norris. Sarah died intestate, and without issue. The Mercantile Trust & Deposit Company has been appointed trustee under the will, and suit is now brought for the property claimed to be covered by the trust.

The property in dispute belonged originally to Jeremiah Whipple. The defendant the Rhode Island Hospital Trust Company has possession of the fund, claiming to hold it either as administrator of Carlotta, or guardian of Sarah, or in both capacities. The real dispute is between the complainants, who claim that the fund passed under the will of Jeremiah Whipple to his wife Carlotta, and by her will to themselves as devisees, and the administrator and next of kin of Sarah, who claim that the birth of Sarah, after the execution of her father's will, entitled her,

under the law of Rhode Island, to take the same share in her father's estate as she would have been entitled to had he died intestate, namely, two-thirds of the personalty and all the realty, subject to her mother's right of dower. Pub. St. R. I. c. 182, § 12. The statute reads as follows:

"Whenever any child shall be born after the execution of his father's will or mother's will, without having any provision made for him in such will, he shall have a right and interest in the estate of his father or mother, in like manner as if the father or mother had died intestate, and the same shall be assigned to him accordingly."

The second, third, and fourth paragraphs of the will of Jeremiah Whipple are as follows:

"(2) In case I die leaving no children born of my wife, Carlotta Isabel, nor any descendants of such children living at the time of my death, I give and bequeath to my sister, Sarah Smith Whipple, the sum of ten thousand dollars. (3) In case, however, of my having children born of my said wife, or their descendants living at the time of my death, then, instead of the bequest contained in the next preceding clause, I give to my said sister the sum of one thousand dollars. (4) I give, bequeath, and devise to my wife, Carlotta Isabel Whipple, all the rest and residue of my property and estate, both real and personal and mixed, of which I may be seized and possessed at the time of my death, to have and to hold the same to her and to her heirs."

Under the terms of this will no provision is made for the child or children of the testator. The statute says explicitly, and without qualification or limitation, that a child born after the execution of the will, without having any provision made for him in the will, shall have a certain interest in the estate of the parent. Unless a construction is to be put upon this will wholly at variance with its clear and unambiguous language, or unless a strained and unwarranted construction is to be given the words "provision made for him in such will," it cannot be said that Sarah Whipple was provided for in this instrument. All the property, with the exception of a legacy to his sister, is devised absolutely to the testator's wife. If the child receives anything, it must be from the bounty of the mother, and not by reason of anything contained in the will. If a will were to be drawn to which it was designed that the statute should apply, in case a child was born after its execution, it would be difficult to conceive of a much better form to follow than the will before us. Clauses 2 and 3, where the testator refers to the fact of his leaving children, have, it seems to me, no bearing upon the question before us, whatever bearing they may have under the statutes of some other states. By no possible construction do paragraphs 2 and 3 make any provision for any child, while paragraph 4 gives the whole residue of the property to the mother. The statute of Pennsylvania on this subject is quite similar to Rhode Island. *Walker* v. *Hall*, 34 Pa. St. 483, was the case of a will giving all the testator's property to the wife, in which the following language was used: "Having the utmost confidence in her integrity, and believing that should a child be born to us she will do the utmost to rear it to the honor and glory of its parents,"—and the court held that this was clearly no provision for the child. See, also, *Hollings-*

*worth's Appeal*, 51 Pa. St. 518; *Willard's Estate*, 68 Pa. St. 327. The statute has been twice construed by the supreme court of Rhode Island, and we agree with complainants' counsel that this court should follow the decision of the highest court of the state, and, as a general rule, the latest decision on the subject. In *Chace* v. *Chace*, 6 R. I. 407, the will contained no reference to any children, and the court observes:

"Upon the whole, we are of opinion that by the terms of the sixth section the legislature intended to and did prescribe a rule of law that, if an after-born child is not provided for at all in the will, he shall be let into his share of the inheritance, and that without regard to the will or intent of the parent; and that, therefore, no evidence of such intent is admissible to defeat the child."

It is contended by complainants that the later case of *Potter* v *Brown*, 11 R. I. 232, is somewhat in conflict with *Chace* v. *Chace*. But I fail to discover any conflict in the two decisions. On the contrary, it would seem from the facts in the case that this last decision of the supreme court more strongly sustains the position of the defendants in this case than the earlier one. In *Potter* v *Brown*, the testator, by his will, gave a bequest of $2,000 in trust, the income to be used for his daughter until 20, or until married, but in case of her death under 20 or unmarried, the sum so held in trust, together with the accumulations thereon, was bequeathed in equal shares to her brothers and sisters then living. More than a year after the execution was made a son was born, for whom no provision was made in the will, except the above-described contingency. The court held that the provision was not such as was contemplated by the statute, and that the son was entitled to share in his father's estate as in case of an intestacy. Chief Justice DURFEE says:

"Did the testator himself regard the bequest as a provision for any child or children which might afterwards be born to him? We find but little reason for thinking he did. Upon the whole, we think it safer, and more consonant with the design of the statute, to decide that the bequest over is too precarious to be regarded as a provision for the after-born child so as to defeat his right under the statute to share in his father's estate, as if it were intestate; and accordingly we do so decide."

Stress is laid by the complainants upon the following language used by the court:

"Doubtless the idea of the statute is to supply an omission which may be presumed to have been unintentional. A parent naturally wishes to provide for all his children. When, therefore, a parent makes a will without providing in it for an after-born child, it may be presumed that the omission to provide for him was not designed."

It is argued from this that in the Jeremiah Whipple will the second and third clauses show that the testator had in mind the possibility of after-born children, and that in providing so bountifully for the mother he intended in fact to make provision for any after-born child. The difficulty with this reasoning is that in providing for the mother he did not in fact make any provision in his will for his after-born child. As for the language of the court, it is undoubtedly true that the statute is intended to supply an omission which may be presumed to be unintentional, for the law would not presume that a parent would intentionally

omit to provide for an after-born child. But while this is the theory of the law, there is nothing in the opinion of *Potter* v. *Brown* which goes to show that the intent of the testator may be shown, and may control in violation of the express provision of the statute. 'The statute itself says nothing about the intent of the testator governing, like the statute of California for example, but it declares without qualification that, if no provision is made in the will, the child shall still be entitled to a certain share in the estate. It seems to me that the construction put upon the language of the court in *Potter* v. *Brown* by complainants' counsel is unwarranted, and I find no conflict between that case and the earlier case of *Chace* v. *Chace*.

The will of Carlotta Whipple gives all the residue of her estate to her daughter, Sarah, her heirs and assigns forever, and in the case of the death of her daughter without leaving children, the property is to go to a trustee in trust for the three daughters of her sister, Ellen L. Norris, the present complainants. The effect of a devise of this character is settled in Rhode Island, and the gift over must be held valid as an executory devise. *Barney* v. *Arnold*, 15 R. I. 78; *Morgan* v. *Morgan*, 5 Day, 517. The complainants therefore may rightfully claim the share of the personal property, which legally passed to Carlotta under the will of her husband, and which she devised by her own will. As for the other grounds of demurrer, I do not think they are well taken. The bill is not bad for multifariousness, nor for want of necessary parties. Upon the case stated in the bill, as the complainants may be entitled to a part of the relief prayed for, though not to the whole, the demurrer must be overruled.