UDELL v. STEARNS et al.

(Supreme Court, Appellate Division, Second Department. March 11, 1908.)

1. DESCENT AND DISTRIBUTION—EFFECT OF WILL—AFTER-BORN CHILDREN.

In determining the right of after-born children to share in a testator's estate, as provided by 2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, § 49, as amended by Laws 1869, p. 40, c. 22, and Code Civ. Proc. § 1868, where they are neither provided for nor mentioned in the will made prior to their birth, the intention of the testator to leave nothing to them, as to his children in being when he made his will leaving all his property to his wife, cannot be drawn from the will itself, coupled with the fact that he did not make a new one, and the presumption that every one knows the law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, § 78.]

2. CHAMPERTY AND MAINTENANCE—GRANT OF LANDS HELD ADVERSELY.

As 1 Rev. St. (1st Ed.) pt. 2, c. 1, tit. 2, § 147, avoids a deed only when the land conveyed is in "actual" possession of a person claiming adversely to the grantor, a deed is not void for champerty in the absence of actual possession by the adverse claimants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Champerty and Maintenance, §§ 66–83.]

Rich, J., dissenting.

Appeal from Kings County Court.

Action by Jennie Udell against Henry S. and Amy B. Stearns. From an interlocutory judgment for plaintiff, defendants appeal. Affirmed.

This is an action of partition of real estate.

One Wilder died possessed of the land in question in 1880, leaving a widow and four children. He left a will which was made in 1874. It left all of his property to his widow. Two of the children were born after the will was made, but during the testator's lifetime.

The land was unimproved and unoccupied. The widow conveyed it, and the defendants have succeeded to the title conveyed by her. The two after-born children of the testator afterwards on coming of age conveyed an undivided one-half thereof, and the plaintiff has succeeded to that title.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Hector M. Hitchings, for appellants.
Edward J. Byrne, for respondent.

GAYNOR, J. · The two after-born children succeeded as heirs, each to an undivided one-fourth of the land of the testator upon his death, for it was provided by the Revised Statutes that whenever a testator should have a child born after the making of his will, either during his life or after his death, such child should "succeed" to the same portion of the testator's real and personal estate as would have "descended or been distributed" to him if the testator had died intestate; provided (as is the case here) such child were left "unprovided for by any settlement, and neither provided for nor in any. way mentioned in such will." 2 Rev. St. (1st Ed.) p. 65, pt. 2, c. 6, tit. 1, § 49, as amended by chapter 22, p. 40, Laws of 1869; Smith v. Robertson, 89 N. Y. 556; Herriot v. Prime, 155 N. Y. 8, 49 N. E. 142; Matter of Murphy, 144 N. Y. 557, 39 N. E. 691; Luce v. Burchard, 78 Hun, 537, 29 N. Y. Supp. 215. Section 1868 of the Code of Civil Procedure also recognizes that such after-born children succeed to their share of the realty as if there had been an entire ·intestacy, and authorizes them to maintain an action of partition. The argument of the learned counsel for the defendants that it is permissible to spell out of the will itself, coupled with the fact that the testator did not make a new one, and the presumption that every one knows the law, an intention by him to leave his after-born children, the same as his children in being when he made his will, nothing, goes down before the words of the statute and the decisions under it. To thus ascertain the intention of the testator, and give force to it, would nullify the statute. It may well be that the statute should be amended so as not to apply to a will by which one spouse leaves all of his property to the other spouse, but we have to accept it as it now is.

As neither adverse possession nor the statute of limitations is pleaded as a defense, they are not to be considered, and as there was no actual possession by the defendants of their predecessors in title, the conveyances of the two after-born children and their grantees could not be void for champerty, for, by the terms of the statute the possession of the person claiming under a title adverse to that of the grantor must be "actual," not merely constructive, to make such grantor's deed void. 1 Rev. St. (1st Ed.) p. 739, pt. 2. c. 1, tit. 2, § 147; Dawley v. Brown, 79 N. Y. 390; Saunders v. N. Y. C. & H. R. R. Co., 135 N. Y. 613, 32 N. E. 54.

The judgment should be affirmed.

Interlocutory judgment of the county court of Kings county affirmed, with costs. All concur, except RICH, J., who dissents.

RICH, J. I dissent, and must state the facts as I understand them.

In 1877 one Edward C. Wilder, the father of the plaintiff's grantors, became the owner in fee of the premises sought to be partitioned. On July 30, 1874, he made his will, in and by which he gave, devised, and bequeathed all of his property, real and personal, to his wife, Sophia A. Wilder. At the time this will was executed the testator had two children living, and his wife was pregnant, and gave birth

to a child (Florence A. Wilder, one of plaintiff's grantors) 26 days later. On August 21, 1877, some three years after the making of the will, another child (Margaret S. Wilder, the other of plaintiff's grantors) was born. The testator lived happily with his family until his death, on October 5, 1880. The will was unrevoked, and became operative on his death. From the time of her husband's death his widow, said Sophia A. Wilder, supported, clothed, fed, and educated the daughters, said Florence and Margaret, the former until she was 25 years of age, when she married, and the latter until she was 22 years old, when she married. She had no property or source of revenue other than that derived through and under the will of her husband, which was probated on November 6, 1880, special guardians being appointed and appearing for the infant children. On October 15, 1883, said Sophia A. Wilder, individually and as the widow and executrix of her deceased husband, conveyed the property sought to be partitioned to John N. Stearns for an expressed consideration of $2,100, which was its then actual and full value; the conveyance being accompanied by an abstract showing a clear title in the grantor, and the fact that children of the testator had been born after the will under which Mrs. Wilder apparently derived title had been executed was not mentioned by any of the parties, and Stearns had no knowledge of this until 1905. The property consisted of six vacant unimproved lots in the borough of Brooklyn, unfenced, and upon which there were no buildings. It was wholly unproductive. Although platted and mapped, it was practically farm property. It had no sewerage and no opened streets until 1895. Stearns recorded his deed, and thereafter yearly paid the taxes and assessments on the property, amounting in the aggregate to $957.61, and may be said to have entered into the undisputed and sole possession of the premises, which he retained until 1905, when the husband of Florence (who was a lawyer), having ascertained that his wife had an apparent interest therein, unsuccessfully endeavored to induce Stearns to execute conveyances of the undivided one-half of said property claimed to be owned by his wife and her sister. On April 12, 1905, Florence conveyed her alleged interest to one Robert Connor, a clerk in the office of her husband, for an expressed consideration of $1. On February 8, 1905, Margaret executed a similar conveyance to Connor for an expressed consideration of $100, and died on July 20th of the same year. On June 15th of the same year Connor conveyed to the plaintiff for an expressed consideration of $1. Sophia A. Wilder, the widow of Edward and grantor of Stearns, died in 1904. This action was commenced on November 10, 1905. John N. Stearns, who with his wife were the original defendants, died before the trial, having prior to his death conveyed the premises to his son, the defendant Henry S. Stearns, who with his wife were substituted as party defendants, and the action continued against them by an order entered on March 19, 1907.

Counsel for the appellants argues questions based upon the provisions of the statute of limitations and upon those of section 225, c. 547, p. 603, of the Laws of 1896 (the real property law), making a grant void if at the time of the delivery thereof such property is in the ac-

tual possession of a person claiming under a title adverse to the grantor. Without determining the merit of these contentions, it is sufficient to say that they cannot avail the appellants, as they are not set up in the answer as a defense. Code Civ. Proc. § 413; Ten Eyck v. Witbeck, 55 App. Div. 165, 66 N. Y. Supp. 921. The respondent's claims arise under the provisions of the statute relating to after-born children, which provides that:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate," etc.

The object of this statute is said in Wormser v. Croce, 120 App. 287, 104 N. Y. Supp. 1090, to be "not to secure equality of division, but to guard against inadvertent or unintentional disinheritance, or, as the revisers expressed it in their notes, a 'probable oversight'"; and the court then says:

"Therefore, it was provided, in order to sustain a will against the claims of after-born children, that provision must have been made for them, or that they must have been in some way mentioned in the will, either provision or mention being sufficient. If, therefore, it can be seen or reasonably presumed from the terms of the will itself that the testator had in mind the probability that children might be born after the will was made, and provided with that contingency in mind, the statute will be satisfied and the will sustained."

The testator in the case at bar did know that there was to be at least one after-born child, for his wife was with child and within 26 days of confinement when the will was made, and he must be presumed to have had this child in mind. He had two living children, minors, whom he was legally bound to support, and with whom his relations are shown to have been kindly, whom he knowingly disinherited, and who are debarred from participation in his estate, even if the subsequent-born sisters are held to be entitled thereto. The mother was the natural guardian of her infant children after the death of her husband, and without means or ability to support and care for them. I think it plainly appears, and certainly it can be "reasonably presumed," from the facts within the knowledge of the testator at the time he made his will and from the provisions of the will itself, that he had his after-born children in mind and intended to place them on the same level with his living children, and that within the meaning of the statute he "provided" for them by devising his property to his "beloved wife," their mother and natural guardian, after his death. In this respect the case at bar is distinguishable from Obecny v. Goetz, 116 App. Div. 807, 102 N. Y. Supp. 232, with whom and his children he was living happily, with the knowledge that she would use the property he devised her for the maintenance, support, and education of his after-born as well as living children, and this presumption is supported by the fact that the mother did support and maintain, with the avails of the property given her (for she had no other), these two after-born children, not only until they became of age, but until they were married, at the ages respectively of 22 and 25 years. This presumption is further strengthened by

the fact that although the father lived more than six years after the birth of the child first born after the will was made, and more than three years after the birth of the youngest child, and must be presumed to have known that by the terms of his will they would take no part of his estate, he did not see fit to change his will or indicate in any manner an intention or a desire that they should inherit any portion of his estate. I regard it as very inequitable and unjust to the children living at the time the will was made to exclude them from any participation in the estate of their deceased father and permit their after-born sisters to inherit one-half of its value (an effect never intended by the testator) for the benefit of their grantee and at the expense of an innocent purchaser paying the full value of the property, without notice, and this after the mother had necessarily used, in the support and maintenance of these after-born children until they reached the age of 22 and 25 years respectively, much more than the one-half of the $2,100 which she received for the property, to the one-half part of which they, through their grantee, claim title.

I must vote for a reversal of the judgment.