### McCRUM v. McCRUM et al.

(Supreme Court, Appellate Division, Second Department.  November 18, 1910.)

1. DESCENT AND DISTRIBUTION (§ 47*)—CONSTRUCTION—AFTER-BORN CHILDREN.

Where a will is made by a pregnant mother, it cannot be presumed that she intended to disinherit her after-born child, who was not mentioned in the will or otherwise provided for, as the effect would be to nullify Decedent Estate Law (Consol. Laws, c. 13) § 26, which provides that where testator has a child born after the making of a will, and such child is not provided for by way of settlement or mentioned in the will, the child shall take a distributive share in testator's estate, both real and personal.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig §§ 126–130;  Dec. Dig. § 47.*]

2. DESCENT AND DISTRIBUTION (§ 47*)—CONSTRUCTION—AFTER-BORN CHILDREN—INTESTACY AS TO PERSONALTY.

Testator made a will, which did not mention after-born children, devising all her real estate, and she made no provision for them by way of settlement, though she died intestate as regarded her personal estate. Held, that Decedent Estate Law (Consol. Laws, c. 13) § 26, which provides that after-born children not mentioned in a will or provided for by settlement shall take a distributive share, applies in this instance, although there was an intestacy as to personalty, and such children take a distributive share in the real estate, notwithstanding the amount of personalty.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 126–130;  Dec. Dig. § 47.*]

3. PARTITION (§ 83*)—PROCEEDINGS—ADJUSTMENT OF CLAIMS.

In an action for partition, where some of the tenants in common are the equitable assignees of a mortgage and others have been out of possession and have not received rents, etc., the mortgage must first be satisfied, with interest, and the equities adjusted by an accounting in which the rents may be ascertained, after proper mutual charges have been allowed and made.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229;  Dec. Dig. § 83.*]

Appeal from Special Term, Kings County.

Action by John J. McCrum against Agnes McCrum and others. From a judgment for plaintiff, certain defendants appeal. Affirmed, with directions.

Argued before WOODWARD, JENKS, THOMAS, RICH, and CARR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Robert H. Wilson, for appellants.

James S. Lawson (William H. Grasse, on the brief), for respondent John J. McCrum.

Raymond V. Ingersoll, guardian ad litem, for respondent Agnes McCrum.

CARR, J. This is an appeal from an interlocutory judgment in an action for the partition of real property. Mary L. McCrum died in 1878, seised of an undivided one-half interest in the real property described in the complaint. This interest she acquired in 1878. She left a last will and testament, which had been made in 1869, in which she appointed her husband, John J. McCrum, as executor, and which directed the payment of her debts and funeral expenses by the executor and contained a disposing clause as follows:

"I give, devise and bequeath to my husband, John J. McCrum, all the real estate which I now have or which I may have at the time of my decease forever."

If she had any personal property, she left it undisposed of by her last will. At the time she made this will, she had one child of the age of three years, and was pregnant with another, who was born a few days after the will was executed. Subsequently she gave birth to another child, and all these children survived her. The real property in question was subject to a mortgage for $10,000 when she acquired it, and in 1881 this mortgage was foreclosed and the land was sold to the mortgagee. In this foreclosure action, the children of Mary McCrum, who were born after the making of the will, were not made parties. One of these children has brought this action against the heir of one of the after-born children and the other defendants, who hold title to the land by mesne conveyances from the purchaser at the foreclosure sale, for a partition of the land.

The plaintiff claims an undivided interest in the land under the authority of what was section 49, art. 3, tit. 1, c. 6, p. 2 (1st Ed.) of the Revised Statutes, as amended by chapter 22 of the Laws of 1869, and what is now, in the same words, section 26 of the decedent estate law (Consol. Laws, c. 13). This statute provided as follows:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child so afterborn unprovided for by a settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

On the trial of this action, the plaintiff proved that the testator had made no settlement for the children born after the making of the will, and a case was made out within the literal expression of the statute, for the will in no way mentioned nor in terms provided for these children. It was held, accordingly, by the trial court, that the plaintiff and the defendant McCrum, the heir of one of the children born after the making of the will, but who died after the death of

the testator, were seised each of an undivided one-sixth part of the real property, subject to the lien of the mortgage before mentioned.

It is argued by the defendant appellants that the statute above quoted does not apply to the facts of this case, and several reasons are advanced in support of the argument. The first contention is that the purpose of the statute was to remedy a situation where the will disinherited an after-born child through a "probable oversight" on the part of a testator, and that as the testatrix here was pregnant, and within a few days of the time of delivery, when she made her will, it must be deemed that she intended to cut off the child she was then carrying. The trial court expressly found that there was such an intention upon the part of the testatrix. The statute, however, declares its purpose in plain and unambiguous language. The right to dispose of property by will is held, generally, to arise only from positive law, and a statute may regulate, enlarge, or shorten its exercise. A similar question was before this court in Udell v. Stearns, 125 App. Div. 196, 109 N. Y. Supp. 407, and it was held, in accordance with many authorities, that such a presumption of intent to disinherit an after-born child could not be entertained, if the effect was to nullify the plain provisions of the statute.

It is contended, further, however, that, assuming that the statute is applicable, it applies only where the will in question attempts to dispose of the whole estate of a testator. In the case before us, the will disposes only of real estate, leaving the personal property, if any, to be administered, and the surplus to be distributed according to the then statute of distribution, which would include the after-born children. In this way, it is contended, the testatrix, by failing to bequeath her personal property, did, in effect, make some provision for the after-born children. It must be noted that the statute requires the provision for the children in question to be made either by a "settlement" or "in the will." The effect of the statute is not to revoke the will, but to create a partial intestacy. Another section of the same Revised Statutes did provide for cases where the entire will should be deemed revoked by a subsequent marriage and birth of issue, under defined circumstances, and, in making such provision, it confined its scope to "a will, disposing of the whole estate of the testator." Section 43, art. 3, tit. 1, c. 6, p. 2 (1st Ed.) Rev. St., now section 35 of the Decedent Estate Law.

It is an argument of great weight that, while such condition was specified in a provision relating to a revocation, it was omitted in a later clause of the same statute relating to a partial intestacy. It is not plain that the Legislature must be deemed to have meant the same thing in its use of very different language. The only time this question has appeared heretofore in the Reports in this state was that in Bloomer v. Bloomer, 2 Bradf. Sur. 339. There a testator had made a will disposing of both real and personal property. After the will was made, a child was born, who survived the testator, and no provision was made for it either by a settlement or in the will. The will was held void as to the personal property, but valid as to the real property. The after-born child, therefore, took a portion of

the personal property under the statutes distributing personal property. It was held, however, that he likewise took an interest in the real estate, which had been devised, because, as to such real estate, there was a partial intestacy as to him under the statute cited. This decision was made in 1853, and there seems to be no later reported consideration of this point in this state.

The appellants, however, cite Gay v. Gay, 84 Ala. 38, 4 South. 42, in support of their contention, but this case is not an authority on the section of the statute involved in this appeal, nor does it in any way relate to it. There the question was as to a claimed revocation of a will by a subsequent marriage and birth of issue in the marriage. The statute there under consideration was practically a copy of our statute as to revocation (section 43, ut supra), and did not relate to partial intestacy (section 49, ut supra).

In any event, however, the proofs in this case do not show that the testatrix did, as a matter of fact, leave any appreciable personal estate. The trial court found that, at the time of her death, she owned "clothing, a diamond ring, and a gold watch and chain," and that "she died possessed of personal property at least equal in value to the value of her real estate, and neither was very considerable." This last finding is a conclusion of fact, rather than a finding of fact, and its only apparent basis is the found ownership of "clothing, a diamond ring, and a gold watch and chain." It is, however, of no great matter, in our opinion, whether the testatrix did in fact leave some personal property; for the statute in question applies, whether she did or not.

The plaintiff and the defendant McCrum are, therefore, seised each of an undivided one-sixth interest in the premises in question, and are entitled to an interlocutory judgment of partition. The appellants have a dual relation to the McCrum parties. They are tenants in common to the extent of the interests acquired under the foreclosure sale, namely, an undivided two-thirds, and they are likewise, in equity, assignees of the mortgage against the McCrum parties to the extent of the amount unpaid on the mortgage, less such proper charges as may be proved as the result of an accounting, in which the rents and profits may be ascertained, and proper carrying charges allowed, and a balance struck. The amount so ascertained as the net sum due on the mortgage indebtedness would be a first lien on the proceeds of sale under the interlocutory judgment, and would have to be paid before there could be any distribution between the tenants in common.

However, it is provided in the interlocutory judgment that the appellants shall not be charged with rents and profits, nor allowed taxes, repairs, and other carrying charges, and that the McCrum parties may be allowed to redeem their undivided shares from the lien of the mortgage indebtedness by paying two-sixths of the amount due on the mortgage at the time of the foreclosure sale, "without interest." These provisions of the judgment are also attacked on this appeal. The trial court seems to have taken a short cut to adjust the mutual equities of the parties, and perhaps this method might work out an unobjectionable result. Yet it is not certain that it will. The appellants contend that the McCrum parties must first pay the whole

net amount of the mortgage indebtedness to redeem their undivided shares from the lien of the mortgage. This would be so, were this action one to redeem from a mortgage, instead of one for the partition of real property. It seems to be the settled rule that the party seeking to redeem in equity by an action for that purpose must pay the whole mortgage indebtedness, instead of any proportionate share thereof. Coffin v. Parker, 127 N. Y. 117, 27 N. E. 814; Merritt v. Hosmer, 11 Gray (Mass.) 276, 71 Am. Dec. 713. The present action, however, is one for a partition of real property. The fact that the interests of the co-tenants are subject to a lien of a mortgage which is held by some of the co-tenants does not make the case any different than if such mortgage was held by a person having no interest in the land, save as mortgagee. Out of the proceeds of sale must first be paid the net amount of the mortgage lien. This payment may exhaust the proceeds of sale, or there may be a surplus. If there is a surplus, then the amount thereof will be distributable among the tenants in common in proportion to their respective interests. The use of the word "redemption," under these circumstances, simply tends to confusion.

Again, the provision of the interlocutory judgment as to the method of ascertaining the net amount of the mortgage indebtedness is erroneous, in that it denies to the appellants interest on the amount due on the mortgage since the time of the foreclosure sale. The equitable assignees are clearly entitled to interest. 11 Am. & Eng. Encyc. 229. The whole question as to the mutual charges and credits should be left to be ascertained by the referee, whose appointment is provided for in the interlocutory judgment, and the interlocutory judgment should be modified, by striking out thereof the provisions above mentioned as to the method of ascertaining the net amount of the mortgage lien, and by directing a reference to ascertain the amount so due, after making proper mutual charges and allowances, subject to the confirmation of the court.

I recommend that the interlocutory judgment be modified accordingly, and, as modified, affirmed, without costs. All concur.