13121

MARETT, ADM'R, *ET AL.* v. BROOM *ET AL.*

(158 S. E., 216)

August, 1930.

*Mr. J. R. Earle,* for appellants,

*Messrs. J. B. S. Dendy* and *R. T. Jaynes,* for respondents,

April 15, 1931.

The opinion of the Court was delivered by Mr. Justice Stabler.

This case involves the construction of the will of Mrs. F. Pelzer Savage Broom. Testatrix was married, first, to one Savage, and, after his death, to C. C. Broom. There were four children of the first marriage and three of the second, the latter having been all born subsequently to the execution of the will, which, following a direction for payment of funeral expenses, etc., provides:

"Item 2nd. All the rest and residue of my estate both real and .personal that I may have that was made or accumulated by me before the marriage to C. C. Broom. I give devise and bequeath to my beloved husband C. C. Broom One ($1.00) Dollar and to my legal heirs namely Earl Savage, Willie Savage, Clint Savage, Rubie Savage, are to share and share alike in my estate."

Testatrix at the time of her death owned no property other than that accumulated before her marriage to Broom. The administrator c. t. a. and the Savage children—above-named—are plaintiffs, and C. C. Broom and the Broom children are defendants.

Plaintiffs contend that testatrix had a right, under Section 5335 of Vol. 3 of the 1922 Code, to dispose of her property by will as she pleased, and that she did so, giving it, with the exception of $1.00 to her husband, to the Savage children; that it was clearly her intention to exclude any children who might be born of her marriage to Broom; and that this intention is in violation of no rule of law, and must be given effect. Defendants contend that, under Sections 5344 and 5345 of the Code, the Broom children should share equally with the Savage children in this property. The case was referred to the master to take and report the testimony, and, upon the testimony so taken, Judge H. F. Rice filed a decree sustaining the defendants. From this decree plaintiffs appeal.

Section 5335 of the Civil Code is as follows: "Any person having right or title to any lands, tenements or hereditaments whatsoever (persons of unsound mind and infants excepted), may dispose thereof by will, in writing, at his or her own free will and pleasure, except as hereinafter provided; but all wills or testaments made of any lands, tenements or other hereditaments, by any person within the age of twenty-one years, idiot, or by any person *de non sane* memory, shall not be taken to be good and effectual in law."

Sections 5344 and 5345 of the Civil Code are as follows:

"5344. If no provision shall be made by the will of the testator for any child or children that may be born after his death, such child or children shall be entitled to an equal share of all real and personal estates given to the other child or children, who shall contribute to make up such share or shares according to their respective interests or portions deriving to them under such will.

"5345. Any child or children of any person, which may be born after the making and executing the last will and testament, but previous to the decease of such person, shall be provided for and by the preceding Section."

While the right to dispose of property by will is far-reaching, we do not think it is of the comprehensive scope contended for by appellants. It is an inherent right, but is one given by law, and the same authority which creates and bestows it may limit and circumscribe it in such manner as may be deemed fit. And that is just what the Legislature has done. After bestowing, by Section 5335, the right to dispose of property by will, it specifically provided, by Sections 5344 and 5345, that, under certain circumstances, a child or children for whom no provision is made in the will shall take, by operation of law, an equal share of the property given to other children. As further illustrating the sovereign's right to regulate the gift of property by will, we may refer to Section 5342 of the Civil Code, which provides for revocation of a will, by operation of law, under certain conditions, and to Section 5347, which limits the proportion of the testator's estate that may be given to certain classes of persons therein specified. All such provisions are entirely consistent with the theory of the transmission of property by will.

Sections 5344 and 5345 would appear, upon casual examination, to be operative, by their terms, regardless of any intention of the testator to exclude an after-born child from participating in his estate, and closer and more careful consideration of these provisions but confirms that view. The language is unequivocal. It simply prescribes that, in case no provision is made by the will for a child falling within either of the classes described in these sections, then such child shall take an equal share, etc. No express reference is made to the intention of the testator, and there is nothing in either of the sections from which it can be implied that the Legislature contemplated that the intention of the testator to exclude a child should be a factor in

their applicability or operation. The statute states a rule of law which prevails, in case of conflict, even over the testator's intention. This being true, it follows, of course, that parol evidence is inadmissible in order to show such intention.

The language seems so plain as hardly to call for construction, but we have examined many cases in order to ascertain the views of the Courts in those jurisdictions which have statutes similar to ours. It may be stated here that there is a great diversity among the statutes of the various states relating to children omitted in a will. Almost all of them provide that the testator, as to an omitted child coming within their terms, shall be deemed to die intestate; the provision in this state that such child shall be entitled to "an equal share of all real and personal estates given to the other child or children" being unique. Again, in many of the states the statutes, by their terms, make their operation or applicability dependent upon the intention of the testator to exclude the omitted child, becoming effective, for instance, "unless it appears that such omission was intentional," or "unless it shall be apparent from the will that such omission was intentional"; in some jurisdictions earlier statutes which contained no reference to such intention of the testator have been replaced by later statutes containing some such provisions. On account of such diversity, many decisions which have been examined were not at all illuminating, as they depended upon the peculiar language of the statutes involved. A number of cases have been found, however, in which the statutes construed contain no reference to the intention of the testator to exclude a child as controlling the question whether the omitted child should share in the estate; such statutes in this respect being similar to that of our own state.

In *Walker v. Hall*, 34 Pa., 483, the Court, in construing a statute providing for a child "not provided for" in the will, said:

"Now, this is a positive statutory enactment, which can neither be repelled by parol testimony, outside of the will, nor by any language used in the will, raising a presumption that he did not intend to provide for such afterborn child.
\* \* \*

"If he makes his will, and has an after-born child or children, not provided for in such will, and he dies, leaving such after-born child or children, so far as regards such child or children he dies intestate, and his will is revoked *pro tanto*."

In *Chace v. Chace*, 6 R. I. 407, 78 Am. Dec., 446, the language of the Statute applied to children unprovided for in a will. The reasoning of the Court is impressive:

"Taking this section of the act by itself, there is but one construction to be given to it, viz.: that an after-born child, not provided for in the will, shall inherit in the same manner as if no will had been made;—that as against him the will shall be inoperative;—that such child shall not be thus disinherited. We cannot otherwise give effect to the words of the act. The statute requires, in order to defeat his claims as heir, not only that some provision should be made for such child, but that such provision should be made in the will of his parent. It provides, therefore, not only under what circumstances he shall inherit, the will notwithstanding, but how those circumstances shall be made to appear, viz.: by the will itself.

"The defendants, who claim under the will to the exclusion of the after-born child, contend, that parol evidence is admissible, nevertheless, to show that the testator intended that the will should operate according to its provisions, and did intend to leave such child unprovided for; and seeks to apply to this case a rule of law not controverted, viz.: that when the law implies a revocation of a will from facts dehors the will, that revocation may be avoided by parol evidence of a contrary intent in the mind of the testator.

"The argument here assumes, that the statute provisions only make the omission to provide for such child in the will a fact from which to imply an intent in the testator to revoke. In reply to this argument, two suggestions may be made: first, that the will is not revoked by the birth of such child. The act does not provide that it shall be, nor is it in any case entirely defeated in its operation, except where the child so born is sole heir. If there be other children, all the devises take effect, except so far only as to let in such after-born child to his share of the inheritance. The will stands and goes to probate, and it is another question how much estate passes by it. But, secondly, it may be said, that this provision of the act does not profess to frame a rule of evidence, but to declare a rule of law. It provides, that in a certain event, a child not provided for in the will shall inherit notwithstanding the will, and a share of the estate shall be assigned to him.  *  *  *

"Upon the whole, we are of opinion, that by the terms of the sixth section, the legislature intended to, and did, prescribe a rule of law, that if an after-born child is not provided for at all in the will, he shall be let into his share of the inheritance, and that without regard to the will or intent of the parent; and that therefore, no evidence of such intent is admissible to defeat the child."

In *Burns v. Allen,* 93 Tenn. 149, 23 S. W., 111, 112, the statute construed was as follows: "A child born after the making of a will, either before or after the death of the testator, not provided for nor disinherited, but only pretermitted, in such will, and not provided for by settlement made by the testator in his lifetime, shall succeed to the same portion of the testator's estate as if he had died intestate."

It was contended that the section was intended only to make provision for a child which the parent by oversight or forgetfulness failed to mention in the will, and parol testimony was offered to show that the omission to provide

for the child in that case was not the result of forgetfulness, but was intended as a disinheritance. Affirming the exclusion of such evidence by the lower Court, the Supreme Court of Tennessee observed: "Ordinarily the failure of a testator to make provision for a child in his will would be equivalent to a disinheritance of that child; the testator possessing the absolute power to make any disposition of his property by last will and testament, no matter how capricious or apparently unnatural. But under the express provisions of this statute we are of opinion that a posthumous child of the testator will succeed to the same portion of his estate as in case of intestacy, unless—First, the testator had in his lifetime provided for the child by settlement; or, second, the testator has made provision for the child in his will; or, third, unless there is an affirmative act of disinheritance of the child in the will itself."

In *Knut v. Knut* (Ky.) 58 S. W., 583, 584, the Court, construing a statute intended to protect children "not provided for, or mentioned" in a will, said: "The section *supra* (Section 4847) provides for a revocation of the will in the cases therein named, and on the conditions therein set out. This is a revocation by operation of law, and the revocation does not depend on the intention of the testator. If the facts exist as provided by law, the revocation takes place, and, if the testator desires the will to remain and not stand revoked, proper provision must be made in the will itself, as the section provides may be done. * * * This Court, in the case of *Sneed v. Ewing,* 5 J. J. Marsh, 471 [22 Am. Dec., 41], said: 'It is not enough that the testator intended to alter or revoke his will, but some fact must have occurred from which an alteration or revocation will actually result by intendment of law, and therefore there may be such a revocation, even contrary to the actual intention of the testator.' "

In *McCrum v. McCrum,* 141 App. Div., 83, 125 N. Y. S., 717, 719, it was contended that the purpose of the statute

was to remedy a situation where the will disinherited an after-born child through a "probable oversight" on the part of the testator, and that there were circumstances in the case tending to show that the testatrix intended to exclude the after-born child from participating in her estate. The trial Court found that there was such an intention upon the part of the testatrix, but the appellate Court held, in effect, that the intention of the testatrix was not a factor in the case, saying: "The Statute, however, declares its purpose in plain and unambiguous language. The right to dispose of property by will is held, generally, to arise only from positive law, and a statute may regulate, enlarge, or shorten its exercise. A similar question was before this Court in *Udell v. Stearns,* 125 App. Div. 196, 109 N. Y. S., 407, and it was held, in accordance with many authorities, that such a presumption of intent to disinherit an after-born child could not be entertained, if the effect was to nullify the plain provisions of the Statute."

In *Bower v. Bower,* 5 Wash., 225, 31 P., 598, 599, we find: "The positive provisions of our Statute are that the children must be named or provided for in the will.  *  *  *  In the case at bar, then, the children are neither named nor provided for in the will, and under the express terms of our Statutes we think it must be held ineffectual as to them. This seems so clear from the terms of the statute that to hold otherwise would be to legislate judicially. There seems to us very little occasion for the investigation of authorities to determine the construction of a statute which is so clear as to construe itself. If, however, we investigate the question in the light of authorities, we shall come to the same conclusion as to the construction of a statute worded like ours; for, while it is true, as we have hereinbefore seen, that many statutes having a similar object have been so construed as to authorize extrinsic proof in aid of wills made thereunder, yet none of the statutes thus construed were like ours. In all of them there was some clause qualifying the absolute

language contained in our statute, which in some measure authorized judicial discretion in the construction thereof. Where the statutes have been left by the legislature without such qualifying clauses, the same as ours has been, the holding of the Court has been absolutely uniform that extrinsic proof could not be introduced in aid of a will made thereunder"—(Citing cases).

In *Bradley v. Bradley,* 24 Mo., 311, involving a similar statute, it was said: "Ours is a positive enactment—no proviso to it on account of mistake or intentional omission. If the name of the child is omitted in the will, and no provision made for such child, then the testator must be considered as dying, as to such child, intestate, and such child will be entitled to his proportional share, unless he has been provided for by advancement by the testator in his life-time; and this previous advancement in the life-time of the testator is the only thing that will debar the unnamed and unprovided for child from his share. Had the testator mentioned his children and cut each one off with one cent, we should have sustained the will under our former decisions; but there is nothing here on which we can for a moment withdraw this will from the operation of the 11th section of our statute above cited."

And in *Mercantile Trust & Deposit Co. v. Rhode Island Hospital Trust Co.* (C. C.), 36 F., 863, 864:

"Under the terms of this will no provision is made for the child or children of the testator. The Statute says explicitly, and without qualification or limitation, that a child born after the execution of the will, without having any provision made for him in the will, shall have a certain interest in the estate of the parent. Unless a construction is to be put upon this will wholly at variance with its clear and unambiguous language, or unless a strained and unwarranted construction is to be given the words 'provision made for him in such will,' it cannot be said that Sarah Whipple was provided for in this instrument. All the property, with

the exception of a legacy to his sister, is devised absolutely to the testator's wife. If the child receives anything, it must be from the bounty of the mother, and not by reason of anything contained in the will. If a will were to be drawn to which it was designed that the statute should apply, in case a child was born after its execution, it would be difficult to conceive of a much better form to follow than the will before us. * * *

"The Statute itself says nothing about the intent of the testator governing, like the Statute of California for example, but it declares without qualification that, if no provision is made in the will, the child shall still be entitled to a certain share in the estate."

A somewhat different view is expressed in *Thomason v. Julian*, 133 N. C., 309, 45 S. E., 636, in which the following Statute was construed: "Children born after the making of the parent's will and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of said parent's estate as if he or she had died intestate. * * *"

By his will the testator gave his property to the children of his first marriage, naming them, "to the exclusion of any children now living or hereafter to be born of my present marriage." The Court held that the excluding language was sufficient to take the will out of the statute, on the theory that the expression "without making any provision" does not mean that there must be a gift of certain property to the children, but means "any arrangement or circumstances tending to show that the testator had these children in mind when the will was made, and without any indication that it was his purpose to disinherit them"—in other words, that the Statute does not assure any provision for an after-born child when it is clear from the will that the testator intended to disinherit such child. The holding in that case, however, seems to us to defeat the very purpose of the Statute by substituting express exclusion for actual provision. We

agree rather with the view of the Ohio Court in *Insurance Co. v. Lushey,* 66 Ohio St., 233, 64 N. E., 120, 121, where a similar statute is construed. In that case the testatrix had only one child at the date of execution of the will, but subsequently gave birth to another. The will contained this provision: "Should any child or children (we now having only one, George Gabriel) be born to me hereafter, it shall in no wise alter or revoke this will and testament."

The Court said that the birth of the second child after the will was made brought the statute into operation, and, when the testatrix died, the after-born son became her heir-at-law and entitled to one-half of the estate, and this although the testatrix endeavored to guard against it by express provision of her will. Commenting on this provision, the Court said:

"This indicates that the law of such event was under consideration when the will was drafted, and it may have been then thought, as is now argued for plaintiff in error, that a clear expression concerning an after-born child, and her wishes touching it, stated in the will, would avoid the force of [Rev. St.] Section 5961. * * *

"Counsel urge that, having contemplated the probability of the birth of another child after the date of her will, and having expressed a determination to disinherit it, her will should stand, and that we should so construe Section 5961 as to let it have its intended effect. But the language is not a provision for, but is one against, the after-born child. It seems to us that the open and avowed disregard of the words of the statute is entitled to no higher consideration than a silent omission to mention and provide for such child. One course is no more potent than the other. She could neither suspend nor repeal the law, and it is not within the power of this Court to do so. Many cases have been cited from other states construing their statutes on kindred subjects, but they are fruitless here, when we consider the plain and uncompromising language of our own legislation."

But even the doctrine of the *Thomason case,* if accepted, would not avail the appellants, since Mrs. Broom did not by any language used in her will show any intention to disinherit her after-born children.

Nor does the fact that Mrs. Broom's will, on its face, disposes of only a part of her estate, leaving her partly intestate, change the situation in any way; the fact that the Broom children would take, under the statute of distribution, a part of such intestate property, is, of course, a provision made for them by law and not by their mother's will. A similar question arose in the *McCrum case, supra,* and was disposed of adversely to appellant's contention. The Court observed:

"It is contended, further, however, that, assuming that the statute is applicable, it applies only where the will in question attempts to dispose of the whole estate of a testator. In the case before us, the will disposes only of real estate, leaving the personal property, if any, to be administered, and the surplus to be distributed according to the then statute of distribution, which would include the after-born children. In this way, it is contended, the testatrix, by failing to bequeath her personal property, did, in effect, make some provision for the after-born children. It must be noted that the statute requires the provision for the children in question to be made either by a 'settlement' or 'in the will.' The effect of the statute is not to revoke the will, but to create a partial intestacy.   *   *   *

"In any event, however, the proofs in this case do not show that the testatrix did, as a matter of fact, leave any appreciable personal estate.   *   *   *   It is, however, of no great matter, in our opinion, whether the testatrix did in fact leave some personal property; for the statute in question applies, whether she did or not."

It is apparent that the *McCrum case,* in this respect, is practically on all fours with the case at bar, and the reasoning in that case is entirely applicable here.

104

For the reasons herein stated, the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN and CARTER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.