### In re HORN'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

1. TRUSTS—DISTRIBUTION OF ESTATE—WITHHOLDING SHARE.
   Code Civ. Proc. § 2743, providing that when the account of a trustee is judicially settled, and any part of the estate remains and is ready to be distributed, the decree must direct the distribution thereof to the persons entitled, is mandatory, and does not authorize the surrogate to withhold a share from distribution, except (section 2812) where a controversy arises respecting the right to a distributive share, in which case such share may be retained until the controversy is determined.

2. SAME—LIABILITY OF DISTRIBUTEE.
   Under Code Civ. Proc. § 2812, providing that, where there is a controversy as to the right to a distributive share of the trust estate undetermined when the estate is ready for distribution, the surrogate may order the trustee to retain such share until the controversy is determined, a share cannot be retained in order that it may be subjected to a judgment to be recovered against the distributee as surety on the bond of a former defaulting trustee.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of James T. Horn, as trustee under the will of Benjamin T. Horn, deceased. From a decree settling the accounts, and directing distribution, the trustee and Isabella M. Dewey and George H. Winters appeal. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

R. J. Mahon, for appellants.
Gilbert W. Minor, for respondent.

PATTERSON, J. The surrogate of New York county made a decree in this matter settling an account of James T. Horn, a substituted testamentary trustee. It declared that the account "is judicially settled and allowed as filed and adjusted." It directed that one fifth of the amount in the trustee's hands for distribution be paid to J. Albert Horn, as his distributive share; another fifth to Mary C. James, as her distributive share; one tenth to the guardian of Viola Horn, an infant, and another tenth to the guardian of Beatrice Horn, an infant, as their respective shares. It was also stated in the decree, in substance, that one other fifth, under the will of the testator, Benjamin T. Horn, belonged to James T. Horn, and the remaining fifth to Isabella M. Dewey, but it was held that these shares should not be paid over. It appeared in the proceeding upon the accounting that James T. Horn and Isabella M. Dewey were sureties upon a bond which had been given by one August Kohn, the immediate predecessor, as trustee, of James T. Horn. It further appeared that Kohn was appointed trustee on the 26th of May, 1887, and remained such until his death, on April 3, 1895, and that at the time of his death he was indebted to the trust in the amount of $39,578, which amount, it is claimed, is prima facie shown to have been misappropriated by Kohn. James T. Horn remained upon the bond of Kohn, as his surety, from May 26 to September 8, 1887, when he was released from liability on such bond for any future delinquency

of the trustee, but Mrs. Dewey has continued to be a surety on Kohn's bond to the present time.   When James T. Horn was released as surety, one Lewis Appell was substituted in his place.   It is also shown in the proceeding that Kohn's estate is insolvent, and that by reason of his misappropriation there is an apparent loss to the estate of about $40,000.   Appell's estate is also said to be insolvent.   The amount ready for distribution on the present accounting, minus deductions allowed, is about $25,000.   In the decree made by the surrogate in this proceeding is a provision as follows:

"And it appearing to this court that neither the said James T. Horn nor the said Isabella M. Dewey, as such sureties, respectively, nor the estate of said Lewis Appell, the deceased surety, have made good the deficiency or loss of trust funds on the part of their principal, said August Kohn, deceased, nor reimbursed the estate for the amount thereof; that the actual amount for which each or all of said sureties may be liable by reason thereof is undetermined, and until such liability, if any, is fixed and determined, and such sums or amounts as they severally may be liable shall be paid over, and placed to the credit of the trust, and added to the amount now in the hands of James T. Horn as such trustee, the full amount of said trust fund applicable for distribution cannot be ascertained or determined; and that while such liability of said James T. Horn and Isabella M. Dewey remains as a claim in favor of said estate, unadjusted and undetermined, it is impossible to state, as a matter of fact, that the said James T. Horn and the said Isabella M. Dewey have any present right to any distributive part, share, or interest in said trust fund; and therefore it is hereby further ordered that the said James T. Horn retain in his hands, as such trustee as aforesaid, the share of said James T. Horn and Isabella M. Dewey, or her alleged assignee, George H. Winters, until such liability, if any, of said sureties, shall be fixed and determined, and such sum or sums as they severally may be liable for shall be paid over, and placed to the credit of said trust, and be added to the amount so remaining in his hands as such trustee, and until the further order of this court in the premises."

James T. Horn and Isabella M. Dewey (whose share was assigned to George H. Winters) and George H. Winters filed exceptions to that part of the decree of the surrogate from which the foregoing extract has been taken; and the question raised by their appeals, in the first place, is as to the right and authority of the surrogate to impound the shares of James T. Horn and Isabella M. Dewey, so that those specific shares may be subjected, if it becomes necessary in the future, to any judgment which may be recovered against the sureties on Kohn's bond.   So far as James T. Horn is concerned, we do not see how, in any aspect of the question, his share can be made liable.   He was surety for Kohn only for a period of about four months; that is to say, from the end of May to September, 1887.   The condition of the bond upon which he was surety provided for the faithful discharge by August Kohn of the trust reposed in him as a successor trustee under the will of Benjamin T. Horn, and for his obedience to all lawful decrees and orders of the surrogate of the county of New York touching the administration of the estate committed to him.   There is nothing whatever in the proofs before the surrogate which indicates in any way that intermediate the date of the bond upon which James T. Horn became surety, and the date of the order by which he was discharged as surety and another person substituted in his place, there was any act of infidelity of Kohn to his trust committed, or that there was any degree or order of the

surrogate's court made, directing Kohn to do anything, or that there has been any breach whatever of the condition of the bond.   All that is shown is that, within that period of time, Kohn received assets of the trust; but there is nothing whatever to indicate that he did not have those assets in his possession, intact, on the day that James T. Horn was released from his suretyship, and when he was thus released his relation to the subject terminated.   There was no longer any obligation of his outstanding, except for delinquencies of the trustee shown to have taken place while his bond was current and operative.   We are therefore of the opinion that so far as his share is concerned, at all events, there was no justification for the order which the surrogate made, obstructing his right to the immediate possession and use of that share.   But, further than this, we are of the opinion that there was no power in the surrogate's court to make that provision of the decree which puts a restraint upon the distribution of any of the shares until an action may be framed, tried, and determined as to the liability of the sureties upon Kohn's bond.   The surrogate's court has no jurisdiction to try claims, but it has a qualified power, on the settlement of the accounts of a testamentary trustee, to retain possession of distributive shares until the courts having jurisdiction may determine controversies respecting such shares.   The provision of section 2743 of the Code with reference to the distribution of estates after the accounting of a trustee is a mandatory provision.   It enacts that when the account is judicially settled, and any part of the estate remains and is ready to be distributed, the decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights.   That portion of the estate of the testator accounted for in this proceeding was ready for distribution, and is partially distributed by the terms of the decree; but, as limiting the mandatory provision of section 2743, section 2812 of the Code of Civil Procedure provides that upon the judicial settlement of the account of the testamentary trustee a controversy which arises respecting the right of a party to share in the money or other personal property to be paid, distributed, or delivered over must be determined in the same manner as other controversies are determined, and, if any such controversy remains undetermined when all other questions upon which distribution of the funds depends are disposed of, the decree must direct that a sum sufficient to satisfy the claim in controversy, or the proportion to which it is entitled, be retained in the hands of the accounting party, or deposited in a court depository, subject to the surrogate's order.   It is under the supposed authority or permission of this section 2812 that the provision of the surrogate's decree appealed from was made.   This section confers the only authority the surrogate possesses with reference to the detention from the distributee of his share, and it expressly refers to the retention of the share in order that courts of competent jurisdiction may determine the validity of claims or rights asserted against the money retained.   That which must be the subject of the controversy, within the meaning of section 2812, is the specific share of the money or the property detained.   There must be a claim to or lien upon the

share, as such. It is not the meaning or proper interpretation of this section that power is conferred upon the surrogate to withhold from a distributee the share to which he is entitled until a question of his liability upon some instrument or obligation not affecting the right or title to that share may be determined. The beneficiaries of this trust do not possess any lien upon, and have no claim or right to, the shares of James T. Horn or Mrs. Dewey. There is therefore no controversy existing respecting the distribution of the shares. Neither of the sureties has been guilty of any wrong or any fraud which should deprive them of their shares, or which would require the application of those shares to make good any devastavit committed by them, or either of them; and they are only secondarily liable upon a sealed instrument to be enforced at common law by an action in which they are entitled to set up any defenses that may exist, and that they have such defenses is foreshadowed in the proofs. There is no general authority in the surrogate to arrest their shares, and the facts shown in this record do not present a case of any dispute or controversy arising as to the ownership, title to, or right to receive the distributive shares of the appellants. If reasons exist which require the impounding of the shares of James T. Horn and Mrs. Dewey, that object may be accomplished in a proper suit in a proper tribunal; but it is not for the surrogate, upon the theory of a general adjustment of possible equities, to exercise a jurisdiction which does not pertain to him, and which can alone be exercised by a court of equity.

The decree of the surrogate should be reversed, in so far as the provision we have considered is concerned, and the decree should be modified by directing that the amount found ready for distribution, minus charges and reserved fund as stated in the decree, be paid over in accordance with the interests of the parties as settled by the decree,—that is to say, one fifth to James T. Horn; one fifth to J. Albert Horn; one fifth to Mrs. Dewey, or Winters, her assignee; one fifth to Mary C. James; one tenth to the guardian of Viola Horn; and one tenth to the guardian of Beatrice Horn,—or if no such guardians are appointed, that such tenths be deposited with the chamberlain of the city of New York. Costs of these appeals, and costs in the surrogate's court, are allowed to the appellants, to be paid out of the fund.

RUMSEY, WILLIAMS, and INGRAHAM, JJ., concur. VAN BRUNT, P. J., concurs in result.