In the Matter of the Estate of WILLIAM P. R. HORST, Deceased.

Surrogate's Court, Queens County, June 22, 1933.

*Thomas J. Towers*, for the executrix.

*John Kindred Gillette*, special guardian.

HETHERINGTON, S. The decedent died on April 11, 1932, survived by his widow and two children. He left a will executed on January 14, 1902, under the provisions of which his widow received his entire estate. Both of the children were born subsequent to the making of his will, and as they were neither provided for, nor mentioned therein, they take their statutory intestate shares. It appears that decedent had another son, born after the making of the will and similarly unprovided for, and not mentioned therein, who, however, predeceased his father. This son was survived by a widow and an infant daughter, the latter of whom has been made a party to this proceeding instituted by the widow for the judicial settlement of her account as executrix. The proposed decree of distribution provides for the payment to decedent's granddaughter of a one-sixth interest in his estate, and presumably on the theory that her father, despite the fact that he predeceased the testator, nevertheless acquired an interest in his estate because of the alleged non-compliance with the provisions of section 26 of the Decedent Estate Law. While all the parties are in accord with the proposed distribution, it cannot be sanctioned unless it harmonizes with the will and the statutes relevant thereto. The decree must direct payment and distribution to the persons entitled, according to their respective rights. (Surr. Ct. Act, § 267.)

The right of the granddaughter to share in decedent's estate is dependent upon her father's right to take a statutory share under section 26 of the Decedent Estate Law, which provides as follows: "Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate."

In discussing the object of this statute, HISCOCK, J., writes in *McLean* v. *McLean* (207 N. Y. 365, at p. 371) as follows: "The fundamental object of the statute which has been quoted is to guard and provide against such testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children and taking such possibility into account in framing a scheme for the testamentary disposition of his property. For reasons which at once commend themselves to our sense of justice it has been determined, and by statute provided, that if a testator does thus overlook and fail to consider the possibility and claims of those who, if born, will be the natural objects of his bounty, the law will provide for them in the distribution of his estate outside of the terms of his will."

The statute is undoubtedly intended to protect the interests of all the children of the testator, particularly of those who are very young at his death, and who, if the parent does not provide for them, will require support at the hands of strangers. However, upon the death of the post testamentary child prior to that of the testator, the parent is necessarily relieved of the obligation of support, and the necessity for the protection afforded by the statute no longer exists. The testator's thoughtlessness has been overcome and it would be an idle requirement to exact the making and executing of another will. In my opinion the statute independent of its language contemplates that the after-born or post-testamentary child should survive the testator.

An examination of the language of the statute discloses that three factors must be present before the provisions of the statute are operative, to wit: (1) A child born to testator after the making of the will; (2) its survival of the testator, and (3) a total failure on the part of the testator to mention or to provide for such after-born surviving child, either by some settlement, made by testator, or by some provision in the will inclusive of the after-born children. The statute in employing the words "Whenever a testator shall

have a child born after the making of a last will  *  *  *,  and shall die leaving such child, so after born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will," contemplates that two facts shall both be present, one the birth, and the other, existence at the time of death.  The use of the comma at the end of the clause " and shall die leaving such child," separates the requirement of survivorship from the further one that such child shall be unprovided for.  Furthermore the. ambulatory nature of a will precludes the statute from being operative unless the conditions provided for therein are existent at the testator's death.  The statute makes no mention of a grand-child or the issue of a predeceased after-born child, and by the use of the words " such child " limits its beneficial provisions to the testator's immediate offspring who survive him.  In accordance with these views it follows the grandchild of the testator must be excluded from sharing in his estate and the decree corrected accordingly.  Correct decree and resubmit same on notice.