In the Matter of the Accounting of ELSIE M. HORST, as Executrix of WILLIAM P. R. HORST, Deceased, Respondent.

MARJORIE L. HORST, an Infant, by JOHN K. GILLETTE, Her Special Guardian, Appellant.

(Submitted March 16, 1934; decided April 17, 1934.)

*John Kindred Gillette* for appellant. Under section 26 of the Decedent Estate Law (Cons. Laws, ch. 13), the infant appellant, is entitled to the share she would have received had the testator died intestate. (*Yung* v. *Blake*, 163 App. Div. 501; *Smith* v. *Robertson*, 89 N. Y.

555; *Matter of Schuster*, 111 Misc. Rep. 534; *Greene* v. *Holbrook*, 128 Misc. Rep. 769.) The word " child " in section 26 of the Decedent Estate Law includes issue of such child. (*Matter of Schuster*, 111 Misc. Rep. 534; *Matter of Pulis*, 220 N. Y. 196; *Matter of Montgomery*, 177 App. Div. 799; *Pimel* v. *Betjemann*. 183 N. Y. 194; *Matter of King*, 217 N. Y. 358.)

*Thomas J. Towers* for respondent. A child must survive testator to invoke the beneficial provisions of section 26 of the Decedent Estate Law. (*Matter of Tone*, 186 App. Div. 361.) A grandchild is not included in the beneficial provisions of section 26 of the Decedent Estate Law. (*Pfender* v. *Depew*, 136 App. Div. 636; *Matter of Tone*, 186 App. Div. 361; *Matter of Pulis*, 220 N. Y. 196; *Matter of Montgomery*, 177 App. Div. 799; *Pimel* v. *Betjemann*, 183 N. Y. 194; *Matter of King*, 217 N. Y. 358.)

LEHMAN, J. By his last will and testament, executed in January, 1902, the testator devised and bequeathed all his property to his wife. Three children were thereafter born to them. The testator died in April, 1932. One son died before him. The widow, two children and a grandchild, the daughter of the deceased son, survived. The question to be decided upon this appeal is whether the granddaughter shares in the distribution of the estate.

The Decedent Estate Law (Cons. Laws, ch. 13, § 26) provides: " Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate." All the parties are in accord that the grandchild should take the share which her father

would have taken if he had survived the testator. The courts below have refused to sanction the proposed distribution, on the ground that it is not in accordance with the statute. We construe the statute differently.

The testator may, if he chooses, fail to make provision in his will for his children, though they are the natural objects of his bounty. He may, quite reasonably, prefer to leave his estate to his wife in confidence that she will provide for the children. The statute is not devised to defeat the intention of a testator to exclude any child from sharing in his estate; but where a child is born after the making of a will, and the testator dies leaving such child unprovided for and not in any way mentioned in the will, there is room for doubt whether the testator did intend to exclude such child. Then omission from the will may well be the result of " such testamentary thoughtlessness and lack of vision as prevent a testator from contemplating the possibility of after-born children." In such case " the law will provide for them in the distribution of his [the testator's] estate outside of the terms of his will." (*McLean* v. *McLean*, 207 N. Y. 365, 371.)

All the statutory conditions under which the statute must be applied exist in this case. Three children were born after the making of the will. None were provided for or in any way mentioned in the will, and the testator died leaving them unprovided for by any settlement. The statute does not in express terms provide that the after-born child must survive in order to share in the distribution of the estate by representation, and we find no reason why such a condition should be read into the statute by implication.

The principle of representation is ancient. (Cf. 2 Blackstone, 217.) It is embodied in our statutes as to lineal descendants of a decedent, and even as to some collaterals. A devise or bequest to a child does not lapse by death, " but the property so devised or bequeathed shall vest in the surviving child or other descendant of the legatee

or devisee, as if such legatee or devisee had survived the testator and had died intestate." (Decedent Estate Law, § 29.) So, too, in case of intestacy " such persons as legally represent the children if any of them have died before the deceased " take the share which a child would have taken if surviving. (§ 83.) Literal construction of the language of section 26 of the statute accords with the policy of the law as embodied in other sections. Wherever a testator or the law makes provision for a child, the descendants of such child take by representation, at least in the absence of clear expression to the contrary by the testator or by the Legislature.

The order should be reversed, with costs to the appellant payable out of the estate, and the proceedings remitted to the Surrogate for entry of a decree in accordance with this opinion.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.