In the Matter of the Will of SAMUEL M. ROBINSON, Deceased.

Surrogate's Court, New York County, November 15, 1946.

---

* See, also, *Matter of Polk* v. *City of New York*, 188 Misc. 727.— [REP.

*Milton M. Meyer* for Janet Robinson and another, as executors, petitioners.

*Arthur V. Selig,* special guardian for Donald L. Robinson, an infant, respondent.

COLLINS, S. In this proceeding for construction of decedent's will the court is asked to determine whether a child born after the making of the will is entitled to an intestate share in the estate pursuant to section 26 of the Decedent Estate Law. It is conceded that the child is neither provided for nor in any way mentioned in the will. At the hearing before the Surrogate oral evidence was introduced to establish that decedent purchased a policy of insurance upon his own life payable to his widow in trust for the child, that decedent purchased Government bonds which were issued in the child's name and that the child was the beneficiary of a trust account which decedent had opened in a savings bank. The testimony was received subject to a motion to strike it out.

In the absence of any reference to the child in the will the question presented is whether or not the child was provided for by any settlement. The court is in accord with the conclusion reached by Surrogate DELEHANTY in his recent decision in *Matter of Stern* (189 Misc. 639) that in determining the issue here presented only a provision for a child made in a written agreement contemporaneous with or prior in date to the will may be considered. Acts of decedent subsequent to the execution of his will could not constitute a settlement within the meaning of the statute. (*Matter of Del Genovese,* 169 App. Div. 140.) Parol evidence of testamentary intentions or of testamentary dispositions is wholly inadmissible. (*Matter of Kennedy,* 167 N. Y. 163, 170.) The motion to strike out the testimony is granted. There has not been submitted to the court any proper proof that the child was provided for by a settlement and for such reason the court holds that the child is entitled to receive an intestate share in the estate.

Submit decree on notice construing the will accordingly.