In the Matter of the Construction of the Will of CHARLES A. KIRK, Deceased.

Surrogate's Court, New York County, March 15, 1948.

*Davies, Auerbach, Cornell & Hardy* for Mildred P. Kirk, as administratrix *c. t. a.*, petitioner.

*Dermod Ives* for Mildred P. Kirk, individually, respondent.

*Louis Karasik,* special guardian for Sally K. Kirk, an infant, respondent.

COLLINS, S. In this proceeding for construction of decedent's will the court is asked to determine whether a child born after the making of the will is entitled to an intestate share in the estate pursuant to section 26 of the Decedent Estate Law. The facts have been stipulated. It is conceded that the child is neither provided for nor in any way mentioned in the will. Controversy arises over whether the child was provided for by any settlement dehors the will.

From the stipulation of facts, it appears that some years ago the decedent had taken out four insurance policies on his

life aggregating $14,000. About a year prior to the execution of his will the decedent entered into option settlement agreements with the several insurance companies issuing the policies whereby he changed the beneficiaries and the mode of payment of the policy proceeds. In each case he named his wife and his " children or child " as the beneficiaries. The settlement agreements were substantially similar and in each instance provided that if his wife should be living at his death then the policy proceeds should be left on deposit with the particular company issuing the policy and the interest thereon should be paid to his wife subject to her right to withdraw the principal, in whole or in part, at any time. Upon her death, any balance remaining became payable to " the children or child of the insured." In the event that the wife predeceased her husband, the proceeds became payable in one lump sum to " the children or child of the insured."

It also appears from the stipulation of facts that after the execution of his will, (1) the decedent took out another policy of insurance on his life in which he named as beneficiaries his wife, if living at his death and if not such of his children " as shall then be living, share and share alike."; (2) that he purchased and transferred to the name of his daughter, Sally, the after-born child, twenty shares of stock of the International Business Machines Corporation and (3) that a savings account was opened in the name of decedent's wife in trust for the daughter Sally, the money being supplied by the decedent.

The petitioner contends that these provisions for the after-born child, taken either separately or together, constitute a settlement within the meaning of section 26 of the Decedent Estate Law and therefore asks the court to determine that the child is not entitled to any part of the estate.

The special guardian for the infant argues to the contrary. As to the insurance policy, the shares of stock and the bank account he contends that these provisions for the infant cannot meet the test of the statute because made after the execution of the will. This is unquestionably correct. Provisions for an after-born child made subsequent to a decedent's will cannot operate to defeat the child's right to take an intestate share under the statute (*Matter of Stern,* 189 Misc. 639; *Matter of Robinson,* 188 Misc. 720).

As to the option settlement agreements entered into between decedent and the life insurance companies prior to the execution of the will he contends that they cannot be considered settlements within the meaning of the section because the infant's

interest under the agreements was contingent and might be entirely defeated by the wife's exercise of her right of withdrawal. This contention is overruled. The Surrogate holds that the option settlement agreements made prior to the execution of the will constitute a sufficient provision for the after-born child (*Matter of Stern, supra; Matter of Robinson, supra*). Under the statute it is not fatal to a provision for an after-born child that under its terms the interests of the after-born child are or may be wholly contingent (*McLean v. McLean*, 207 N. Y. 365; *Matter of Keech*, 73 N. Y. S. 2d 231). The infant was therefore not " unprovided for by any settlement " and is not entitled to an intestate share of the estate.

Submit decree on notice accordingly.