In the Matter of the Construction of the Will of IRA P. STONE, Deceased.

Surrogate's Court, Queens County, October 3, 1951.

*Lester B. Nelson* for Mary Stone and another, as executors of Ira P. Stone, deceased, petitioners.

*N. Anthony Equale,* special guardian for Roberta H. Stone and another, infants.

SAVARESE, S. After the death of the testator on September 20, 1950, his will, dated August 20, 1930, was admitted to probate. Said will leaves his entire estate to his widow and concededly makes no mention of nor provision for his two children who were born on January 23, 1933, and May 20, 1935. Subsequent to their births, however, the testator made each of them beneficiaries of policies of insurance, savings bank trust accounts, and United States savings bonds in the aggregate sum of $7,469.51 and $7,128.22 respectively. These various provisions constitute settlements within the meaning of section 26 of the Decedent Estate Law and suffice to bar the two after-born children from taking their intestate shares. (*Matter of Kraston,* 58 N. Y. S. 2d 364; *Matter of Hartman,* 55 N. Y. S. 2d 791; *Matter of Kreutz,* 49 N. Y. S. 2d 402; *Matter of Hagendorn,* 41 N. Y. S. 2d 491; *Matter of Froeb,* 143 Misc. 660; *Matter of Brant,* 121 Misc. 102.)

The view adopted for the first time in *Matter of Stern* (189 Misc. 639) and followed in *Matter of Robinson* (188 Misc. 720) and *Matter of Kirk* (191 Misc. 473) that the " settlement " required to avoid the operation of the statute must have been made at or before the execution of the will is rejected. The statute does not in terms so restrict the meaning of the word " settlement ". To do so by a process of statutory construc-

tion seems unwarranted in the light of the statute's purpose. It was designed to protect after-born offspring from their father's presumed oversight in failing to consider or provide for them. (*Wormser* v. *Croce,* 120 App. Div. 287.) When they are provided for by a settlement dehors the will, whether before or after its execution, they do not need the protection of the statute. It is unlikely that a person who fails to contemplate the possibility of future issue in his formal testament will have remembered them in a settlement made before the will and before they exist. The construction placed on the statute by the *Stern* case would thus render the phrase " unprovided for by any settlement " practically useless.

There is no violation of the Statute of Wills, nor of the policy behind it, in receiving evidence of facts having legal effect and significance apart from the will even though they occur subsequent to its execution. (See *Matter of Rausch,* 258 N. Y. 327, and *Matter of Piffard,* 111 N. Y. 410.) Such evidence is not here received to vary or contradict the terms of the will, but rather to avoid the application of a statute which would partially nullify the will. Acts of a testator occurring after the execution of his will and having an effect upon the distribution thereunder are often properly considered. Transfers may cause legacies or devises to adeem or abate. (*Matter of Ireland,* 257 N. Y. 155; *Matter of Smallman,* 138 Misc. 889.) Advancements may reduce the size of a legacy. (*Langdon* v. *Astor's Executors,* 16 N. Y. 9.) Articles may be removed from or placed in a receptacle the contents of which have been bequeathed. (*Matter of Thompson,* 217 N. Y. 111.) The statute in question itself requires that certain facts occurring after the date of the will must be considered. The fact that a child has been born *after* the will must be proven. The fact that that child has survived the testator must also be demonstrated. (See *Matter of Horst,* 264 N. Y. 236.)

It is therefore held that a subsequent settlement which provides for an after-born child may restore a previously executed will to its full vigor. Submit decree construing the will accordingly.