In the Matter of the Estate of WOLFGANG S. SCHWABACHER, Deceased.

Surrogate's Court, New York County, May 26, 1952.

*Hays, Wolf, Schwabacher, Sklar & Epstein* for Harold K. Guinsburg, as executor of Wolfgang S. Schwabacher, deceased, petitioner.

*Chauncey H. Levy,* special guardian for Christopher C. Schwabacher, an infant, respondent.

FRANKENTHALER, S. The question raised herein is whether a child born subsequent to the execution of his father's will and

not mentioned therein is entitled to the protection afforded by section 26 of the Decedent Estate Law. The will was executed on April 17, 1941. Three years prior thereto, the deceased had amended certain life insurance policies upon his life so as to provide for payment of the proceeds to his widow in the event that she survived him or to his then living or thereafter born children in the event that she did not. Under certain other policies, the children were named as contingent beneficiaries under an interest option settlement should their mother die before full payment of the proceeds was made to her. The son of the deceased was born four months subsequent to the execution of the will.

Upon these facts, the court holds that section 26 of the Decedent Estate Law is not operative so as to work a statutory revocation of the will in favor of the after-born child. Provision for the payment of life insurance proceeds to after-born children is a " settlement " within the statute (*Matter of Kirk*, 191 Misc. 473; *Matter of Froeb*, 143 Misc. 660; *Matter of Backer*, 148 Misc. 318; *Matter of Hagendorn*, 41 N. Y. S. 2d 491). The fact that the infant's interest in the insurance policies was contingent upon his surviving his mother does not affect the result (*Matter of Kirk, supra; Matter of Kreutz,* 49 N. Y. S. 2d 402; cf. *McLean* v. *McLean,* 207 N. Y. 365).

Submit decree on notice or consent.