In the Matter of the Construction of the Will of ERLING MONSEN, Deceased.

Surrogate's Court, New York County, April 17, 1953.

*Joseph T. Arenson* for Francis J. Mulligan, as Public Administrator of New York County, petitioner.

*Leve, Hecht, Hadfield & McAlpin,* respondents in person, and for Nellie W. Monsen and others, respondents.

COLLINS, S.   In this proceeding the Public Administrator has requested a construction of the will of decedent, a resident of Norway, which purported to dispose of his property located in Norway, New York, England and elsewhere.   The effectiveness of the will under Norwegian law to dispose of all of decedent's securities and cash located in New York, one half thereof to his widow, Nellie Monsen, without restriction, and the other half thereof to his three children in equal shares, is established by the statement of an expert in Norwegian law. From his affidavit it appears that under Norwegian law decedent's widow and children are the only persons interested in his New York estate either under the will or as distributees in intestacy.   Relying on this statement as to the foreign law, the local attorneys in fact for the widow and the three children urge this court to direct that the entire local distributable estate be turned over to these attorneys in fact to be deposited by them in a custody account in the name of one of the children to be established at the Chase National Bank of the city of New York, without specifying the proper construction of the

will and without including in the decree a provision as to distribution of the interests of the respective persons in the estate, inasmuch as they have agreed, or will have agreed, as to the division of the estate among themselves. Section 267 of the Surrogate's Court Act provides that " Where an account is judicially settled * * * and any part of the estate or fund remains and is ready to be distributed, the *decree must direct the payment and distribution thereof to the persons so entitled,* according to their respective rights " (emphasis supplied). This section has been held to be mandatory, and to mean that distribution and payment must be made to the parties entitled thereto despite the fact that they agree among themselves to a different distribution (*Matter of Horst,* 148 Misc. 160, affd 240 App. Div. 982, revd. on other grounds 264 N. Y. 236; see, also, *Hughes* v. *Stoutenburgh,* 168 App. Div. 512; *Matter of Horn,* 7 App. Div. 89; *Matter of Browne,* 35 Misc. 362). While it may be proper under certain circumstances for the court to direct distribution to the assignee of a distributee (*Matter of Redfield,* 71 Hun 344), the powers of attorney and " consents " of the distributees filed with this court, authorizing the attorneys in fact to deposit each distributee's share in a custody account in the name of one of them, cannot be construed to constitute bona fide assignments. Accordingly, the court holds that the estate property should be distributed one half to the widow and one sixth to each of the three children by payment of such respective amounts to the duly authorized attorneys in fact for each. The compensation of the attorneys in fact has been fixed.

Submit decree on notice accordingly.