In the Matter of the Accounting of MIRIAM HARMETZ, as Executrix of HARRY J. HARMETZ, Deceased.

Surrogate's Court, Bronx County, December 9, 1953.

*Abraham Buchman* for executrix.

*Theodore M. Gibbons,* special guardian for Howard M. Harmetz, an infant.

McGRATH, S.   In this proceeding for the judicial settlement of the account of the executrix, a question has arisen as to whether a child born subsequent to the execution of his father's will and not mentioned therein is entitled to the protection provided by section 26 of the Decedent Estate Law.   This section reads as follows: '' Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will.''

The decedent executed his will on October 19, 1943, and died on July 18, 1952.   He was survived by his widow, the executrix herein, and two sons, Sheldon and Howard.   The will made no provision for Howard, who was born after the execution of the will.

The undisputed facts establish that about two months after Howard was born, a savings bank account was opened for him in the name of his mother in trust for Howard.   The initial deposit of $1,200 consisted of cash gifts for the infant.   The source of these gifts is not shown.   The only other deposits to this account, three in number, were made in 1946, and 1951, and it is conceded that they were made by the decedent and out of his own funds.   No withdrawals were ever made from said account which now amounts to $3,100.

In 1951, a State of Israel Savings Bond with a maturity value of $75 was purchased in the name of the infant and his

brother, Sheldon, as joint tenants with the right of survivorship and not as tenants in common. The name of the actual purchaser of this bond cannot be ascertained, but the widow states that she did not make the purchase and she does not remember whether or not the decedent did.

During the period commencing subsequent to the birth of the infant herein and up to June, 1952, twenty-nine U. S. Savings Bonds, Series E, were purchased at a bank where the partnership business of the decedent maintained its checking account. Fifteen of these bonds are in $50 denominations and fourteen are in denominations of $25. These bonds are registered as follows: " Howard Harmetz or Mrs. Miriam Harmetz and also Mrs. Miriam Harmetz or Howard Harmetz." Miriam is the decedent's widow. It is uncontroverted that the decedent made these purchases at the aforesaid bank out of his own funds, and that none was a gift from outside sources.

The inescapable conclusion from the foregoing facts is that the after-born child was not " unprovided for by any settlement " in accordance with section 26 of the Decedent Estate Law and is therefore not entitled to an intestate share of his father's estate (*Matter of Faber,* 305 N. Y. 200 and cases cited therein).

Although the special guardian of the after-born child is in accord with the court's determination in this matter, he has recommended that the bonds and the savings bank account be placed in the mother's name as guardian for the infant since under the present manner of their registration, the infant may never receive any benefits therefrom. Whether the infant will receive any benefits from the bonds and savings account is not the test, since even a contingent interest payable upon the child's surviving someone other than the testator has been held to be a settlement in contemplation of the statute (*Matter of Faber, supra; Matter of Schwabacher,* 202 Misc. 15; *Matter of Kirk,* 191 Misc. 473, 475; *Matter of Kreutz,* 49 N. Y. S. 2d 402; *McLean* v. *McLean,* 207 N. Y. 365).

In the light of the principles underlying the adoption of section 26 of the Decedent Estate Law and in view of the aforementioned decisions, the court is of the opinion that the recommendation of the special guardian is without merit.

The fee of the attorney is reasonable and is allowed in the requested amount together with disbursements actually incurred.

Settle decree.