Boylan, S.
In this probate proceeding, the Special Guardian has submitted a report setting forth that his ward is entitled to her intestate share as an after-born child. The executrix contends that the testator made a “settlement ” for all of his children including the after-born child.
*452 Charles W; Smith died on January 10,1955, leaving a last will and testament dated May 20, 1941, by Avhich he left his entire estate to his widoiv, Frances M. Smith. Decedent was survived by his said Avife and five children, one of whom, Nancy Margaret Smith, was born on February 27,1945, approximately four years subsequent to the execution of the will. The pertinent provisions of decedent’s will read as follows: “ Second: I hereby devise and bequeath all the rest, residue and remainder of my property, real, personal and mixed, to my beloved wife, Frances M. Smith. I make no provision for my infant children because I have full confidence that my said wife will, to the utmost of her power, maintain and educate our children out of the funds I hereby bequeath and devise to her. Third: Since I have created agreements with life insurance companies that upon my death, in addition to a fixed sum being paid outright to my beloved wife, she shall receive a monthly income from said insurance companies, I hereby direct and will that said income shall never be assigned by my said wife, but shall be used solely and only for the purpose of supporting, educating and maintaining my children and herself. Fifth: I hereby appoint my beloved Avife, Frances M. Smith as the guardian of all my infant children now alive, and any subsequent children that may be born of our union ”.
The decedent left insurance policies totaling $107,588.78, some of which antedate the execution of the will and some are dated after the birth of Nancy Margaret. One of these was payable to decedent’s then surviving children of whom Nancy Margaret was one. Some policies make his daughter Nancy Margaret, as well as the other children, contingently interested on the death of their mother. Other policies were payable to decedent’s wife, if surviving, or otherwise to the children surviving the decedent and his wife.
Section 26 of the Decedent Estate Law provides: ‘ ‘ Whenever a testator shall have a child born after the making of a last will, either in the life-time or after the death of such testator, and shall die leaving such child, so after born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent’s real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will. ’ ’
*453 The purpose of the statute is not “ to compel, regulate, or control testamentary provision * * * by a parent for children ” (McLean v. McLean, 207 N. Y. 365, 371), but merely “ to guard against inadvertent or unintentional disinheritance ” (Wormser v. Croce, 120 App. Div. 287, 289).
A leading case on this subject is Matter of Faber (305 N. Y. 200), in which case the court stated (pp. 203-204), “ The legislature attempted neither to entail estates in favor of after-born children nor to shield them from intentional disinheritance or unequal treatment. Its sole objective was to assure that if, through oversight, they were neglected in the will, other provision would be made for them. The legislature did not choose, and has not chosen, to specify the character or content of the essential ‘ settlement ’ or to prescribe any definite yardstick for determining whether one has been effected. Accordingly, it is the fact situation in each case that must be considered and appraised, with a view to determining whether the parent intended a given out-of-will provision to serve the purpose of a ‘ settlement ’ under section 26. The touchstone is intent, and no court can decree in advance the essential factors upon which a particular testator’s intention may be predicated.”
The “ settlement ” may be effected at any time. (Matter of Stone, 200 Misc. 639.) It need not assume any particular form and may be the payment of proceeds from policies of life insurance (Matter of Schwabacher, 202 Misc. 15) and it may be contingent, payable upon the child’s surviving someone other than the testator (Matter of Schwabacher, supra; Matter of Kirk, 191 Misc. 473).
The court is of the opinion that the testator made a “settlement ” for all of his children including Nancy Margaret Smith, the after-born child, and he intended her share of the insurance proceeds to constitute her sole receipt at his death.
Enter decree.