John D. Bennett, S.
It having been established that the witness, John B. Otterstein, is now deceased and the witness, Arthur Mulvaney, is now a resident of Florida, the testimony of the said witnesses will be dispensed with pursuant to section 142 of the Surrogate’s Court Act. It was established that the propounded document was executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of its execution the decendent was of sound mind and free from restraint. The propounded document will therefore be admitted to probate.
The special guardian has raised the issue of whether the decedent’s infant children, Charles F. Swenson and Judith A. Swenson, are entitled to share in the estate of the decedent as distributees on the ground that they are after-born children *240 who are neither provided for nor in any way mentioned in the last will and testament of the decedent and who are unprovided for by any settlement.
The decedent, Rudolph Gr. Swenson, died on February 12,1956 leaving a last will and testament dated October 16, 1936. The infant Charles F. Swenson was born on November 16, 1937, and the infant Judith A. Swenson was born on August 5, 1942. The last will and testament of the decedent does not make provision for said children nor does it in any way mention them. The question before this court is whether- the children have been provided for “by any settlement” within the meaning of section 26 of the Decedent Estate Law which reads: ‘ ‘ Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent’s real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will.
‘1 The right of a child born after the making of a last will shall be subject to a valid power of sale expressed in the will of the testator or implied therein pursuant to the provisions of section thirteen of this chapter.”
The decedent, subsequent to the birth of his son Charles F. Swenson and prior to the birth of his daughter Judith A. Swenson, changed the beneficiary on two policies owned by him, totalling the sum of $5,063, to name his wife as beneficiary and “ otherwise to Charles F. Swenson, child of the insured, and any child or children born of the marriage in equal shares ”. Subsequent to the birth of his son and prior to the birth of his daughter, the decedent also caused two additional policies to be taken out on his life, one in the sum of $2,500 which named his wife as beneficiary and ‘ ‘ otherwise to Charles F. Swenson, child of the insured, and any child or children born of the marriage in equal shares ’ ’, and another policy in the sum of $3,000 which named his son Charles F. Swenson as beneficiary. This last policy provided for certain payments to be made for the benefit of his son upon matriculation or attendance at an institution of higher learning. Subsequent to the birth of his daughter, Judith A. Swenson, the decedent obtained another life insurance policy in the sum of $4,000 which named his wife as beneficiary and “ otherwise to children born to the insured *241 by said wife Thus the children of the decedent had a contingent interest in four policies on the life of their father and the son was direct beneficiary of one policy directed toward his educational requirements.
The New York Court of Appeals has reviewed at great length the history and decisions under section 26 of the Decedent Estate Law (Matter of Faber, 305 N. Y. 200). The court points out that the sole objective of the Legislature in respect to the protection of after-born children “ was to assure that if, through oversight, they were neglected in the will, other provision would be made for them ” (p. 203). The court further points out (p. 204) that “ surrogate’s courts throughout the state have, with rare exception, agreed that the matter of intent is the all-important issue, that ‘ any act of the testator indicating an intention to make future provision ’ for the child ‘ would fulfill the requirement ’ for a settlement ”. The Court of Appeals held that the designation of after-born children as beneficiaries of insurance policies was sufficient to constitute a “ settlement ” under section 26 of the Decedent Estate Law, and that the “ settlement ” may be effected at any time, either before, contemporaneously with or subsequent to the execution of the will.
The Court of Appeals in the Faber case further stated that the interest of the after-born children constituting the “ settlement ” may be contingent (p. 205): “ and it may, indeed, be contingent, payable upon the child’s surviving some one other than the testator. (See Matter of Schwabacher Estate, supra, 202 Misc. 15, 16; Matter of Kirk, supra, 191 Misc. 473, 475; Matter of Kreutz, supra, 49 N. Y. S. 2d 402.) ”
The interest of the decedent’s after-born children in the insurance policies referred to above is a sufficient indication of intent to satisfy the requirements of a “ settlement ” under section 26 of the Decedent Estate Law. Accordingly, the contention of the special guardian that said after-born children are entitled to a one-third share of the estate each as distributees under the will of the decedent is rejected.
Submit decree on notice.