John J. Dillon, S.
This is an independent proceeding to obtain a determination as to the rights of a child who was born subsequent to the execution of testator’s will. The testator died a resident of Westchester County on June 10, 1958 and his will dated November 10, 1949 was duly admitted to probate pursuant to a decree of this court dated June 27, 1958. The testator was survived by his spouse and two infant children, one who was born prior to the execution of the will and the other who was born on January 3,1951. Under the terms of the will, the testator devised and bequeathed his entire estate to his wife. Subsequent to the birth of the after-born child, the testator purchased four life insurance policies totalling $70,000 in value. Under the terms of such policies the wife was named as primary beneficiary and the two children were named as contingent beneficiaries in the event that the wife predeceased the testator. Section 26 of the Decedent Estate Law states that a child born after the execution of a will in which he is *922 neither mentioned nor provided for and where he is “ unprovided for hy any settlement ” is entitled to an intestate share in his parent’s estate. The purpose of section 26 is to protect the interests of an after-born child against inadvertence and to make just provision for him where there has been a probable oversight. (McLean v. McLean, 207 N. Y. 365; Matter of Anderson, 205 Misc. 151.) It has frequently been held that it is not the function of the court to determine the adequacy of any settlement (Matter of Faber, 280 App. Div. 394, affd. 305 N. Y. 200) and a provision in favor of an after-born child which is conditioned upon him surviving the testator’s wife, as in the instant case, constitutes ■ a settlement within the meaning of section 26 of the Decedent Estate Law. (Matter of Schwabacher, 202 Misc. 15.)
Accordingly, the court determines that the testator’s after-born child, Theresa Kaplan, is not entitled to share in the testator’s estate.
Settle decree.