William J. Regan, S.
The will of the above decedent Avas executed on the eighth of June, 1954. On the petition for probate before the court at this time, besides the widow five children are listed as distributees, íavo of Avhom, John T. Georger, six years old, and Maureen T. Georger, seven months old, are obviously ‘ ‘ afterborn ’ ’ children.
Mr. Eugene M. DoAvney, special guardian, alerted the court as to the serious question involved pursuant to section 26 of the Decedent Estate LaAv: “ § 26. Child born after making will. Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any Avay mentioned in such will, every such child shall succeed to the same portion of such parent’s real and personal estate, as would haAre descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will. ’ ’
*580 The attorney for the estate in rebuttal claimed that there were provisions made for the after-born children and therefore section 26 of the Decedent Estate Law was satisfied on this score.
The special guardian made an exhaustive study of the law with respect to this question and spent much time in substantiating the facts as stated by the estate’s attorney. The facts disclosed that the decedent, on April 24, 1954, at a time prior to the execution of his will, purchased a policy of insurance which named his wife as beneficiary and named as contingent beneficiaries his three then living children and further indicated that he desired any children thereafter born to share in the proceeds of the policy, should his wife predecease him. This was a substantial policy. After the date of the execution of the will the testator further indicated an intention to provide for all his children by opening, in the Western Savings Bank, custodian accounts for each of the five children.
The special guardian further in his report indicated that he was familiar with the Gfeorger family and that this was a close, well-organized family and that testator certainly had all his children in mind, including those that might be born after the making of his will. “ The purpose of the [Decedent Estate Law pertaining to after-born children] is not ‘ to compel, regulate or control testamentary provision # * * by a parent for children ’ * * * but merely to 1 guard against inadvertent or unintentional disinheritance ’ ”. (Matter of Smith, 1 Misc 2d 451, 453.)
The court’s duty is not to decide whether a settlement is adequate or not according to its conception of what is just or equitable. The question of adequacy of settlement is for the testator not the court. (Matter of Farber, 280 App. Div. 394; Matter of Kaplan, 19 Misc 2d 921.)
In the court’s opinion, with the commendable assistance of the special guardian, the two after-born children have been provided for and therefore the decree upon the probate of this will' may contain an order to that effect.