(78 Misc. Rep. 695.)

## In re BOSTWICK'S WILL.

(Surrogate's Court, Westchester County. December, 1912.)

DESCENT AND DISTRIBUTION (§ 47*)—EFFECT OF WILL—PRETERMITTED CHILD
—"UNPROVIDED FOR BY ANY SETTLEMENT."

In Decedent Estate Law (Consol. Laws 1909, c. 13) § 26, providing
that whenever a testator shall have a child born after the making of
the will, unprovided for by any settlement, such child shall succeed to
the same portion as would have descended to it if the parent had died
intestate, the phrase "unprovided for by any settlement" means a set-
tlement made by the testator, and, where after-born children are nei-
ther mentioned nor provided for by any settlement' by the testator, the
decree admitting the will to probate will make the same provision for
them as they would have been entitled to had the father died intestate.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig.
§§ 126–130; Dec. Dig. § 47.*]

Proceedings on probate of a writing purporting to be the last will
and testament of Albert C. Bostwick. Probate decreed.

Holmes, Rapallo & Kennedy, of New York City, for petitioner.

Jacob Halstead, of New York City, for Marie S. Bostwick.

Burton C. Meighan, special guardian of the infants Dorothy S.
Bostwick, Albert C. Bostwick, Jr., Lillian S. Bostwick, Dunbar W.
Bostwick, and George H. Bostwick.

MILLARD, S. This is a proceeding for the probate of the last
will and testament of Albert C. Bostwick, deceased, who died on the
10th of November, 1911, seised and possessed of real and personal
property.

By the terms of said will, which was duly made and executed on
the 8th of June, 1899, after the payment of debts, he gave, devised,
and bequeathed all the rest, residue, and remainder of his property,
of every kind and description, to his wife, Marie S. Bostwick, abso-
lutely.

At the time of his death he left him surviving his widow and his
children: Dorothy S. Bostwick, born on the 26th of March, 1899;
Albert C. Bostwick, Jr., born April 1, 1901; Lillian S. Bostwick, born
July 9, 1906; Dunbar W. Bostwick, born January 10, 1908; and
George H. Bostwick, born August 14, 1909. From this statement it
appears that four of the children above referred to were born after
the making and execution of the will sought to be probated.

The special guardian, while not objecting to the probate of the will,
claims that it should be provided in the decree that the four after-
born children are entitled to the same rights in the estate of the said
Albert C. Bostwick, deceased, that they would have had if no will
had been made. He makes this claim because of section 26 of the
Decedent Estate Law (Consol. Laws 1909, c. 13), which reads as fol-
lows:

"Sec. 26. Child born after making will.—Whenever a testator shall have a
child born after the making of a last will, either in the lifetime or after the
death of such testator, and shall die leaving such child, so after-born, un-
provided for by any settlement, and neither provided for, nor in any way

mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

It is conceded by all parties that no mention is made of these children in the will, and the only question raised is whether or not there was a settlement otherwise made, which would satisfy the provisions of the statute.

Albert C. Bostwick was the son of Jabez A. Bostwick and Helen C. Bostwick. In the months of August and September, 1890, Jabez A. Bostwick made, executed, and delivered certain trust deeds to the Farmers' Loan & Trust Company and the United States Trust Company, by the terms of which the said Albert C. Bostwick (the testator herein) was to receive the income arising therefrom during the term of his life, and upon his death the principal fund so held was to be paid over to his issue, share and share alike, absolutely.

Jabez A. Bostwick died August 16, 1892, and these trust deeds were in full force and effect, as no one other than he had any power to change them at the time of the making of the will of Albert C. Bostwick. Said Jabez A. Bostwick left a last will and testament which was duly admitted to probate by the surrogate of the county of New York, wherein it was provided, among other things, that one-third of his residuary estate was directed to be paid over to the Farmers' Loan & Trust Company to be held by it in trust for the life of Helen C. Bostwick, the mother of Albert C. Bostwick, and during her lifetime the income arising therefrom was to be paid to her, and upon the further trust for the life of Albert C. Bostwick, and, upon the death of both Helen C. Bostwick and Albert C. Bostwick, the principal fund so held to be paid over to the issue of Albert C. Bostwick. The provisions of said trust deeds and said last will and testament were in existence and full force and effect irrevocable and known to the testator on the 8th of June, 1899, the time of making his last will and testament.

The provisions of these deeds and last will and testament of Jabez A. Bostwick for the children of Albert C. Bostwick provided for them a large sum of money, which it is urged by the proponent's attorneys and counsel amply provide for them and which they think I should take into consideration in deciding this case. I cannot feel, however, that that has anything to do with the question, but believe it must be approached and considered from the standpoint of a very much smaller estate and that this large sum should not in any way affect the mind of the person who is to decide it.

If the question of whether or not an infant has sufficient provision made for it in any way is to be considered, then in each case we must take up the question of how much it should be and what is reasonable according to the circumstances of each case, and however sympathetic one might feel, and however he might be inclined to say that all would be amply provided for if the will was allowed to stand, I do not feel that any consideration should be given to this branch of

the case, but the statute must be construed as it is without any reference to the amount of money involved in the transaction.

Upon the hearing testimony was offered as to the making of all of these instruments and the due probate of the will, the present condition of the accounts and showing a history of all of these transactions on the part of Jabez A. Bostwick, and the acts of the trustees and the condition of the accounts down to date. This testimony was taken over objection because it would be practically deciding the case at once if it was excluded, and so the ruling upon the objection was reserved until the final decision in the matter. Having now arrived at a conclusion as to what this statute means, I am convinced that all of this testimony should be excluded, and I therefore sustain the objection and grant the motion to strike out the same.

There have been several decisions in this state bearing upon this subject, but I consider the case of Udell v. Stearns, 125 App. Div. 196, 109 N. Y. Supp. 407, and McCrum v. McCrum, 141 App. Div. 83, 125 N. Y. Supp. 717 (where even the similar condition of one child born before the making of the will, and the others afterward, existed as in this case), lead me to but the one conclusion, namely, that that portion of the statute "unprovided for by any settlement" means a settlement made by the testator.

It would be possible for me at this time to discuss at length the many arguments raised in the voluminous briefs in this case; but I have carefully read and weighed every one of them, and it leads me to the same conclusion above expressed, so that I feel that no good purpose would be served by so doing.

I therefore direct that the will of Albert C. Bostwick be admitted to probate, but that the decree to be entered thereon shall provide that Albert C. Bostwick, Jr., Lillian S. Bostwick, Dunbar W. Bostwick, and George H. Bostwick, on the death of Albert C. Bostwick, became seised in fee, as his heirs at law, each of an undivided one-fifth of the real estate of which he died seised, subject to the dower of his widow, Marie S. Bostwick, and that they are each entitled to have distributed to them, respectively, two-fifteenths of the personal estate of which said Albert C. Bostwick died possessed. This provision for them is the same as they would have been entitled to had said Albert C. Bostwick died intestate.

Findings and decree in accordance with this memorandum will be signed. Costs and allowances to be fixed at the time of making the decree.

Probate decreed.