### In the Matter of the Estate of ALBERT SALAMY, Deceased.

Surrogate's Court, New York County, June, 1922.

**Wills — probate — after-born children — citation — legitimacy.**

Under section 140 of the Surrogate's Court Act, which requires all the next of kin to be cited upon a proceeding for the probate of a will, after-born children of the testator must be included in the petition and cited in the proceeding.

A will which made no mention of after-born children having been admitted to probate upon a petition which stated that the testator left him surviving no child or children, a motion was made by the general guardian of the alleged infant son of decedent, who was born about six months after the will was executed. *Held*, that while a motion to dismiss a motion to open the decree of probate will be denied, the opening of the probate will be limited to the correction of the record, and a reference will be ordered to take testimony on the preliminary issue of the status of the infant as testator's son.

MOTION to open decree admitting will to probate.

*Thomas B. Felder*, for Bertha Rembaugh, general guardian of Paul Salamy.

*Martin W. Littleton*, for residuary legatees.

FOLEY, S.   The general guardian of the alleged infant son of the decedent moves to open the decree admitting the will to probate. The petition for probate stated that the decedent " left him surviving no child or children." The will was executed June 30, 1920, and it is claimed that the infant was born on the 28th day of December, 1920. The decedent died April 22, 1921. If the infant was a legitimate child of the testator, the petition for probate contains a false suggestion of a material fact. Section 26 of the Decedent Estate Law provides: " Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after-born, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in pro-

portion to and out of the parts devised and bequeathed to them by such will." By the provisions of section 28, Decedent Estate Law, the after-born child "has the same rights, and is entitled to the same remedies, to compel a distribution * * * or to gain possession of the property, as any other person who is so entitled to succeed." The will makes no mention of after-born children.

The executors, in their answer, admit the marriage of the decedent with the mother of the child, but deny that the testator was his father, and move to dismiss this proceeding upon the ground that the child is not entitled to notice or citation upon probate, or any other notice concerning the estate.

Section 140 of the Surrogate's Court Act (formerly Code Civ. Pro. § 2610) requires that "the husband or wife, if any, and all the next of kin of testator" must be cited upon the petition for the probate of a will (Jessup-Redf. 383), and after-born children, under this rule, must be included in the petition and cited in the proceeding. The subsequent question, as to their right to contest the will, does not excuse their omission as parties. If an inadequate provision is made for them in the will, or by way of a settlement, thereby depriving them of their distributive share under the statute, their right to contest upon the customary grounds is unquestioned. If they were not mentioned or so provided for, objections to the probate, if filed, could properly be stricken out upon motion.

The recent decision of Surrogate Schulz in *Matter of Dick*, 117 Misc. Rep. 635, comprehensively sets forth the purpose of these two sections of the Decedent Estate Law and the rights of the after-born child to bring a proceeding to construe the will in the Surrogate's Court. That decision criticizes the opinion in *Matter of Sauer*, 89 Misc. Rep. 105, where it was held that any rights of the child born subsequent to the will must be enforced in an action in the Supreme Court. Surrogate Schulz emphasizes the language of section 28 of the Decedent Estate Law, quoted above, which confers upon such child the power to enforce his rights in the Surrogate's Court.

It is extremely important that the status of the next kin of a decedent should be established as speedily as possible in the course of administration of an estate. If established, they become necessary parties to intermediate proceedings and are entitled to citation upon the final accounting. The names of the heirs at law set forth in the petition for probate are customarily used in searches of the title to real estate. For the foregoing reasons the status of the infant should be promptly determined.

In *Matter of Bostwick*, 78 Misc. Rep. 695, it was held that the

decree of probate should recite the names and interests of the children born after the execution of the will. While the determination of the interest may be postponed to a separate proceeding for a construction of the will, or until the final accounting, the *identity* of the parties interested should be fixed as early as possible. As the probate record now stands, it appears that the decedent left no child. Manifestly, therefore, a dismissal of this motion would be unjust and unfair to the infant. If he is the lawful son of the intestate he should have been cited in the probate proceeding. Failure to do so is sufficient to warrant the opening of the decree as to him alone. *Matter of Cocks*, N. Y. L. J. June 22, 1921; affd., 198 App. Div. 993. The motion to dismiss must be denied. The opening of the probate will be limited to the correction of the record, and will not afford an opportunity, under the terms of the will, to the general guardian to contest the probate.

Submit order of reference to take testimony and report with opinion on the preliminary issue of the status of the infant as the son of the testator.

Ordered accordingly.