In the Matter of the Estate of ELIZABETH GRAFIN FINCK VON FINCKENSTEIN, Deceased.

Surrogate's Court, Ulster County, January 20, 1943.

*Slayton & Jackson* for Kingston Trust Company as Administrator C. T. A.

*Mitchell, Taylor, Capron & Marsh* for City Bank Farmers Trust Company as General Guardian of Editha E. F. von Finckenstein.

FLEMMING, S.   A petition for an accounting was filed by the administrator with the will annexed naming Adolf Graf Finck von Finckenstein, husband of decedent, and Editha Elizabeth Finck von Finckenstein, daughter of decedent, as the interested parties, both of whom it is alleged are residents and citizens of Germany.

The City Bank Farmers Trust Company of New York city (formerly the Farmers Loan & Trust Company) by an order of this court, dated December 7, 1936, appointed general guardian of the property of the daughter, an infant under the age of fourteen years, was a party to the proceeding.

The general guardian filed an answer which recites among other things that the decedent left a last will and testament bearing date April 9, 1930, which was admitted to probate by this court May 23, 1938, that letters of administration with the will annexed were issued to the petitioner herein, and that the decedent's will was executed at a hospital in Germany prior to the birth of the daughter hereinbefore referred to.  This allegation is upon information and belief and is followed by an allegation in the "Third" paragraph of the answer as follows: "Respondent is advised by counsel and therefore alleges that its ward, the said Editha Elizabeth Finck von Finckenstein was, under the provisions of Section 26 of the Decedent Estate Law unprovided for by any settlement and was not provided for nor in any way mentioned in the will of decedent and, accordingly, the said infant is entitled to succeed to the same portion of decedent's real and personal estate as would have descended or been distributed to her if her mother had died intestate."

The prayer of the answer is that this court determine the validity, construction, and effect of the disposition of decedent's property contained in her last will and testament and instruct the parties hereto accordingly.

On the hearing it appeared that the question raised by the general guardian requiring a construction and determination of the share of decedent's estate passing to the ward was here raised for the first time. A petition was then filed by the accounting party for a supplemental citation and the court was asked to determine the validity, construction, and effect of the disposition of decedent's property contained in her last will and testament, and the rights, shares, and interests of the respondent, Editha Elizabeth Finck von Finckenstein, in and to the real and personal property constituting the estate of decedent and to instruct the petitioner accordingly.

Certain testimony, taken by commission, on the probate proceeding was stipulated as a part of the record herein. This covers three witnesses to the will and a portion relates to the date of birth of the infant and the time of birth. The record as thus made establishes the fact that the will in question was executed on the same day, although prior to the birth of Editha Elizabeth Finck von Finckenstein.

With this fact established, the right of the infant to participate in her mother's estate depends upon the provision of the statute (Decedent Estate Law, § 26; Cons. Laws, ch. 13) as applied to the facts here presented.

The right of intestate succession of after-born issue accrues only where it is established that the birth occurred subsequent to the execution of the parent's will and the infant was unprovided for by any settlement and neither provided for nor in any way mentioned in decedent's will.

Upon the question of provision for the infant by way of settlement, the burden was upon the guardian to show that the ward was unprovided for. The guardian relied upon the allegations in its answer hereinbefore referred to, wherein it alleges that it is advised by counsel, and therefore alleges, that its ward was under the provisions of section 26 of the Decedent Estate Law unprovided for by any settlement. No evidence was submitted in support thereof. It cites section 76 of the Surrogate's Court Act to the effect that, except as otherwise provided by law, a petition filed or account filed in a special proceeding in Surrogate's Court shall be due proof of the facts therein stated unless controverted by answer, objection, or other proof.

The allegation in the answer is not by one familiar with the facts, nor does it so purport to be. It is to the effect that it is advised by counsel, and therefore alleges, that its ward was unprovided for by way of settlement. Even though given the full force and effect of the liberal provision of section 76 of the Surrogate's Court Act, the allegation as set forth cannot be accepted as proof of the subject-matter alleged.

The record includes a judgment of the Supreme Court, New York county, in a proceeding for an accounting by the general guardian in its capacity as trustee under a trust agreement, dated in 1904, between Elizabeth Bleeker von der Decken, mother of decedent, and the City Bank Farmers Trust Company of the city of New York, covering a fund of upwards of $100,000. The judgment cites an agreement with the general guardian as trustee and this decedent, dated January 18, 1935, as amended by a supplemental agreement dated May 3, 1935, between the same parties, both relating to the 1904 trust. The income of said trust went to this decedent for the period of her life. The remainder was directed to be held in trust for the benefit of her issue—they to have the income for life, the remainder over to their issue. The action of the infant's mother in entering into the " 1935 " agreements relating to the " 1904 " trust is cited by the accounting party as evidence of a settlement in favor of the infant. The 1935 agreements between the infant's mother and the City Bank Farmers Trust Company ratified the " 1904 " trust and the administration had thereunder, and provided for and required ratification thereof by any person or persons entitled to share in the remainder; failing to so ratify and confirm, the share of any such person or persons was directed to be paid to the executors and administrators of decedent here, to be disposed of as part of her estate.

It appears that decedent made her will on the 9th day of April, 1930, disposing of an estate, showing a balance of $19,068.78 on this accounting, by bequest and devise to her husband, and later provided for her daughter, an infant, by making fixed and certain her participation in the remainder of the trust fund of " 1904 " following decedent's death.

We are not unmindful of the construction that has been placed upon section 26 of the Decedent Estate Law, wherein it has been said the phrase " unprovided for by any settlement," relating to the rights of a child born to a testator after he made his will, means settlement made by the testator. (*Matter of Bostwick*, 78 Misc. 695.)

In the instant case, however, the will was executed the same day that decedent's daughter was born. The estate she left to her husband, though substantial, is small compared with the remainder interest her daughter would receive under the " 1904 " trust. While the daughter's interest was not coming directly and solely from her mother, nevertheless the agreements of " 1935 " revitalized, ratified and confirmed the " trust of 1904," which apparently required such treatment if any part of the fund was to go as far down the line as to reach the infant here. It must be assumed that the decedent here, mother of the infant, had in mind the fact that she was making provision for her daughter. No other possible reason presents itself for her action.

Decedent's will is so construed that the residue of the estate as accounted for passes to her husband.

A decree may be entered in accordance herewith.