Joseph A. Cox, S.
Frederick B. Taylor died in 1887, a resident of the State of New York, leaving a will which he had executed in 1880 in California where he then resided and which was admitted to probate in this court in the year of his death. In its fourth paragraph he created a trust of $125,000 for his wife with the remainder on her death becoming a part of his residuary estate which he disposed of in paragraph fifth by directing its division into as many shares as he should leave children him surviving, whose number was five, bequeathing one share to each in trust for life with the remainder, subject to the exercise by the beneficiary of a power of testamentary appointment, passing to issue or, in default thereof, to the surviving members of the class to be added to their respective portions.
There has been no accounting in this estate from the date of the will’s admission to probate until the institution of the present proceeding for the settlement of the account of the successor trustee and of the account of the deceased trustee, Joseph F. Taylor, who was also the last of the life beneficiaries to die. The court is asked on this application to settle those accounts and to pass upon the propriety of an agreement of settlement which the parties to the proceeding have negotiated in an effort to resolve a series of problems that have arisen during the course of the administration of the estate. They also seek to overcome the effect of a violation of the rule against perpetuities arising out of the attempt by Joseph F. Taylor to exercise the power in his will by appointing the property in further trust for his widow and children of which group only the widow had been in existence, en ventre sa mere, at the time of the death of the testator in 1887 having been born three months thereafter (Personal Property Law, § 11; Matter of McEwan, 202 App. *174 Div. 50, affd. 234 N. Y. 557). She, therefore, of all the appointees was the only one to whom the appointment could validly be made in further trust (Low v. Bankers Trust Co., 270 N.Y. 143).
As a basis for their proposed agreement the parties attempt to circumvent the application to this will of the New York statutes against perpetuities (Real Property Law, § 42; Personal Property Law, § 11) on the ground that it is governed by the law of California where it was executed by the testator at a time when he was a resident of that State. This argument is without foundation. It has been variously held that the law governing the provisions of a trust is either the law of the domicile of the testator or settlor or that of the situs of the fund, barring a contrary intention upon the part of the creator (Shannon v. Irving Trust Co., 275 N. Y. 95; Chamberlain v. Chamberlain, 43 N. Y. 424; Bishop v. Bishop, 257 N. Y. 40). In the case of testamentary trusts the domicile of the testator at the time of his death is meant rather than his domicile at the time of the execution of the will (Rubin v. Irving Trust Co., 305 N. Y. 288).
‘ ‘ The validity of a trust of movables created by a will is determined by the law of the testator’s domicil at the time of his death.” (Restatement, Conflict of Laws, § 295.)
‘1 Assuming that the law of the domicil governs, as regards the essential validity of a particular provision of a will, it is clear that it is the law of the domicil at the time of the testator’s death, rather than that of his domicil at the time of the execution of the will. (Lowry v. Bradley, 17 S. C. Eq. [Speers] 1; 39 Am. Dec. 142 * * *; Murphy v. Morrisey, 99 N. J. Eq. 238, 132 Atl. 206.” (57 A. L. R. 238, Annotation.)
Applying the rule stated to the present will, since New York is the State of both situs and domicile, it is apparent that the prohibition against perpetuities in this case is governed by the law of New York rather than that of California nor is this result affected in any way by section 24 of the Decedent Estate Law which is confined in its operation to the execution of a foreign will, its admissibility to probate and the interpretation of the testamentary language rather than to the validity of any of its provisions (cf. Irving Trust Co. v. Rubin, supra).
Coming now to a consideration of the proposed agreement of settlement, Joseph P. Taylor died a resident of New Jersey in 1956 leaving a will which, while not effective to exercise the power of appointment under the law of that State (Farnum v. Penn Co., 87 N. J. Eq. 108, affd. 87 N. J. Eq. 652), contained a *175 residuary clause that served the purpose under the law of New' York (Real Property Law, § 176; Personal Property Law, § 18) and it is, of course, the law of New York, the domicile of the donor, rather than the law of New Jersey, which determines the effectiveness of the exercise of the power by the donee (Matter of Peet, 155 N. Y. S. 2d 531, and cases there cited). Mr. Taylor left his residuary estate in trust with the income going to his wife and children for their lives in specified proportions and the remainder to the issue of the children. All of the children and his widow have assumed that the appointments in further trust were wholly invalid and have agreed with the executor of his estate that a previous attempt made by the donee with the consent of his children to destroy the trust by an inter vivos conveyance of its principal was a nullity (Matter of Wentworth, 230 N. Y. 176) and that the invalidly appointed property passed outright on his death to the children as remaindermen under his father’s will. They have, however, in consideration of the relinquishment by his estate of a claim for reimbursement of moneys advanced from income for principal expenses, entered into the agreement of compromise which, if approved, would continue the trust under the will of the father to be administered by the successor trustee for a further period measured by the life of Joseph F. Taylor’s widow and add to its principal the balance of the property comprising the donee’s residuary estate together with the property he had invalidly appointed. The income from the combined fund would be paid for the extended term to the persons and in the proportions designated in the donee’s will with the remainder passing outright on his widow’s death, or remarriage, to his children. In other words, what the parties have attempted to do in effect is to establish an inter vivos trust with the children, as the owners of the property, as the settlors and the directions contained in the donee’s will spelling out the term, its purposes and the beneficiaries. Integrally related to the proposal is this court’s supervision of its execution through the exercise of its continuing jurisdiction over that part of Frederick B. Taylor’s residuary estate, as originally constituted, which was lawfully appointed in further trust by his son for the life of the latter’s wife.
The court has jurisdiction to incorporate in its decree an agreement of settlement basically inter vivos in character which will bind the parties to the proceeding and which can be enforced by the Surrogate on their application in the exercise of his power to compel compliance with his directions. In Matter of Bausch (270 App. Div. 418) the parties to a probate contest *176 entered into an agreement of settlement approved by the Surrogate, denying probate to the propounded paper, consenting to the appointment of tlíe fiduciary named in the will as administrator of the estate and creating a trust with the same fiduciary as trustee, the widow as life beneficiary and the children as remaindermen. Subsequently, the. trustee filed a proceeding in the Supreme Court asking that the matter be remitted to the Surrogate or, in the alternative, that its account as trustee be settled. The application to remit was denied and a Referee appointed. Reversing, the Appellate Division held (pp. 425, 426-427):
“ The single question which seems to be involved herein is whether the compromise agreement is such an inter vivos trust that it, when it became operative, fell outside the surrogate’s jurisdiction. This trust had plenty of, if not all, the earmarks of an inter vivos one.
* # *
1 ‘ Taking the foregoing view of the present situation, the conclusion seems proper that, both by section 40 and subdivision 13 of section 20 of the Surrogate’s Court Act, the surrogate of Onondaga County having once taken jurisdiction of this estate, and, so, having been authorized by the statutory provisions of the Real and Personal Property Laws then in force, now section 19 of the Decedent Estate Law, to approve this compromise agreement, did not lose jurisdiction because the trust created by the agreement has the earmarks of an inter vivos one, but rather, under the express provisions of the Surrogate’s Court Act his jurisdiction continued until the agreement ends, by the final distribution of the estate. ’ ’
The reasoning of the cited case supports the conclusion that the court has jurisdiction to approve a settlement of the sort proposed but whether reason exists for its exercise is another question. The parties insist that such is the case because, of the fact that, if jurisdiction were declined, control over the combined fund, now compromised in major part of two parcels of real property located in this county, would be divided between the successor trustee administering the trust under the will of Frederick B. Taylor under the supervision of this court, the trustee appointed by the court in New Jersey having jurisdiction over the estate of Joseph F. Taylor, and by the latter’s daughters as the owners of that part of the original fund which was the subject' of his invalid appointment. The diversity of control over the property does assume the dimensions of which they profess to be in fear. In the interest, therefore, of the orderly administration of the continuing trust under the will *177 of the decedent and upon the express request of the other persons interested in the combined fund, the court will approve the proposed agreement of settlement and permit the addition to its principal of the other interests described, the combined fund to be administered in accord with the terms of the settlement agreement.