William J. Regan, S.
In this probate proceeding petitioner has requested this court to determine the rights, if any, of after-born children.
On September 6,1959, decedent executed his will in Hamilton, Ontario, while a domiciliary of Ontario, Canada. At that time testator was married but had no children. By the terms of this will testator left his entire estate to his wife, Sheila Patricia Harris.
Subsequent to the execution of the will, testator and his wife moved to New York State and have resided in this county from the latter part of 1959 to the date of his death on March 19, 1965. During this period of time testator and his wife had two children, Michael, four years of age and Ralph, two years of age.
Petitioner contends that in view of section 24 of the Decedent Estate Law, the law governing the validity of the provisions of testator’s will is the law of Ontario, the domicile of testator at the date of the execution of his will.
The law of Ontario, unlike section 26 of the New York Decedent Estate Law, does not give an after-born child, unprovided for by any settlement or unmentioned in the will, a right to his intestate share.
The special guardian moves this court for a determination based on New York law for the reasons that the testator was a domiciliary of this State at the time of his death, that the situs of the property under consideration is in this State, and for the further reason that section 26 of the Decedent Estate Law is based on public policy.
Section 24 of the New York Decedent Estate Law provides that: ‘ ‘ The right to have a will admitted to probate, the validity of the execution thereof, or the validity or construction of any provision contained therein, is not affected by a change of the testator’s residence made since the execution of the will.”
This section clearly states that the validity, execution or construction of a will is not affected by change in the testator’s residence. The question of after-born children affects neither the validity, execution nor construction of the will. The terms of the will are not in question. There is no ambiguity within the will that must' be clarified by the court. The rights of after-born children are of statutory creation and historically were intended' to prevent the inadvertent or unintentional *838 disinheritance of a child. (Matter of Vodery, 139 N. Y. S. 2d 515, affd. 3 A D 2d 733.)
This court agrees that any question that arises from the wording or validity of the will, including interpretation or definition of its terms, is covered by section 24 and would be determined by the law of residence at the time of execution, but where the sole question concerns the application of a statutorily created right this court feels the New York law should be applied. This court knows of no decision on this particular point. Counsel have cited various cases arising from somewhat analogous situations.
Matter of Duke (181 Misc. 529 [1943]) concerned the application of the New York anti-lapse statute to a will drawn in Virginia. Here Surrogate Delehanty applied Virginia law, apparently relying on the general theory that a court should strive to protect the testamentary wishes, if possible.
Other cases touching upon partial revocation Matter of Traversi (189 Misc 251 [1946]), allocation of dividends between principal and income; Matter of Pratt (1 Misc 2d 428 [1955]); definition of the word “ heirs ” in Matter of West (157 N. Y. S. 2d 768 [1956]) have all applied the law of the State where the will was executed. Each of these cases turned upon what the court found to be the testamentary intention, or involved a construction question under section 24. We are faced with neither a construction nor a testamentary intention problem in this case.
It cannot be said that the testator intended to leave everything to his wife when, at the time he executed the will, he had no children. Who is to say he might not have included the children if they were in existence at the time the will was executed? This court cannot conclude that the failure to include the children was merely an oversight or unintentional.
Both counsel and the special guardian cite Matter of Taylor (24 Misc 2d 172 [1960]) decided by Surrogate Cox. In this case New York law was applied to a “ rule against perpetuities ” question arising from a California will.
This court can find no difference between the rights of after-born children or the rights of an unprovided widow, or for that matter, any of the numerous other statutorily created rights that may not be covered in an out-of-State will. Certainly, a widow would be permitted to take her New York State elective share, even though the laws of the State where the will was made may provide otherwise. The statute giving an after-born child certain rights is very clear and distinct *839 and its purpose is simple, namely to avoid an unintentional omission of a child.
Section 26 was enacted to prevent this precise situation; namely, an unintentional disinheritance of an after-born child.
This court finds that the deceased’s two children, Michael, aged four, and Ralph, aged two, have a right to share in the estate under section 26 of the Decedent Estate Law.