Frank D. Paulo, S.
The compromise of the claim for the wrongful death of the decedent in the amount of $9,500 is approved. After reimbursing the petitioner for her payment of the funeral bill and after payment of the attorneys’ fees allowed in the sum of $2,787.50 and their disbursements of $26.37, the net proceeds of the settlement shall be paid in the manner set forth in the petition. Incidental relief is granted.
The decedent left him surviving, in addition to a widow and seven children, three illegitimate children, all minors. The special guardian for the illegitimate children contends that they are still entitled to share in the distribution of the proceeds of the settlement.
It appears that decedent’s illegitimate children were living with him and being supported by him at the time of his death; nevertheless, the court cannot accept the contention of the special guardian. Under section 133 of the Decedent Estate Law, distribution is to be made to the decedent’s wife and “ next of kin”. Section 134 defines “next of kin” as “those entitled under the provisions of law relating to the distribution of personal property, to .share in the unbequeathed assets of a decedent ”. Section 83-a of the Decedent Estate Law, effective March 1, 1966, permits an illegitimate child to inherit from his father if certain conditions are met. It is unnecessary to decide whether or not this statute should be applied retroactively. It is sufficient to note that the illegitimates here, do not meet the requirements of the statute; there was no filiation proceeding. Open acknowledgment by the father is not the equivalent of a court finding of paternity; nor is a legislative desire to avoid post-death litigation on the issue of paternity unreasonable. (See Report No. 1.8A, Fourth Report, Temporary State Commission on the Law of Estates.)
The special guardian has attempted to convince the court that the exclusion of his wards from a share of proceeds of the wrongful death settlement is a denial of equal protection of the laws and of due process of law. The benefits conferred by the wrongful death statute must, he contends, be given equally to all dependent children and any attempt to disqualify illegitimates is arbitrary.
*400 A child horn, through no fault of his own, out of wedlock commands sympathy. When he is acknowledged and supported by his father, the financial loss resulting from his father’s death is not altered by the fact of his illegitimacy. But it cannot be said that the Legislature acted in an arbitrary manner when it excluded illegitimates whose paternity was not established in a court proceeding. Classification must be done fairly (Gulf, Colorado & Santa Fe Ry. v. Ellis, 165 U. S. 150; United States v. Perkins, 163 U. S. 625), but a classification based upon a recognition of the problems of post-mortem proof of paternity is not unfair.