Darwin W. Telesford, J.
In this action concerning the proceeds of a life insurance policy, each of the parties moves for various relief upon undisputed facts.
Plaintiff insurer seeks to withdraw as a stakeholder of the proceeds of an insurance policy upon the life of Miguel Angel Hernandez-Diaz. The decedent was the father of two illegitimate children, who are defendants herein. During his lifetime he acknowledged his paternity by two separate undisputed instruments given in 1967 and 1969, respectively, in support of the birth registration of the children. The 1969 acknowledgment was made in Thailand where Hernandez thereafter died while on duty with the United States Air Force. His life insurance policy failed to designate a beneficiary. It is conceded that in the absence of a beneficiary, the order of precedence begins with the widow, and if none, then the surviving children of the insured, and if none, then to the parents of the insured. Hernandez left no widow. The two infant defendants are admittedly his children, for whom their natural mother seeks to be appointed guardian and requests summary judgment to collect the proceeds of the policy. The other defendants are the decedent’s mother and father who seek the proceeds over their grandchildren.
The grandparents rely principally on EPTL 4-1.2 which provides that an illegitimate child is always the child of the mother but never the child of the father unless an order of filiation is entered in a court of competent jurisdiction during the lifetime of the father (see Matter of Consolazio, 54 Misc 2d 398). Apparently, no such order was ever sought. However,, the better and more modern view is to abolish the unchosen birthgiven shackles of illegitimacy and to confer filial equality wherever possible. In this view, and applicable to the instant facts, the distinction between parents described by EPTL A-1.2 *1060 is without a rational purpose in excluding illegitimate children from inheriting from an intestate father. The application of the statute appears even more irrational when examined under the light of the unrefuted formal acknowledgments of paternity. Moreover, it is doubtful that the statute could stand the test of constitutionality since it seemingly denies equal protection under parental-child relationships (Matter of Ortiz, 60 Misc 2d 756).
Accordingly, upon all of the foregoing, the cross motion to appoint a guardian ad litem for the infant defendants is granted. That branch thereof seeking summary judgment is also granted. The motion in chief by plaintiff to be relieved as stakeholder is granted to the extent that plaintiff shall pay equally all sums due under its insurance policy to the separate account of each infant and the guardian at a depository to be provided in the order to be entered hereon. Such payment shall be made without allowance for costs or counsel fees. No interest shall be owed by the plaintiff provided all arrears are deposited to said account within 15 days after service of a copy of the order to be entered hereon, and future installments are paid currently.