Evans V. Brewster, J.
The mother of the decedent, an infant under 14 years, has petitioned for letters of administration. The decedent’s father, the respondent, opposes the application and requests that letters be issued to him or, in the alternative, to both the petitioner and himself.
The decedent’s parents, though living together, were not married. The decedent was born on December 21, 1969 and ■resided with his parents until late in 1973 when the father left the household. The decedent’s mother initiated a filiation proceeding in the Family Court by petition filed on November 30, 1973. The respondent appeared in the proceeding and admitted the allegations of the petition. The Family Court on January 7, 1974 issued an order of filiation in which the respondent was declared to be the father of the decedent, support of the decedent was waived and the respondent directed to pay for funeral expenses in the event of death prior to age 21 years of age.
As the result of an accident, the infant child was killed on January 31, 1974 leaving no assets other than a cause of action for wrongful death.
Petitioner argues that the father is not entitled .to letters, citing EPTL 4-1.2 which specifies that a father of an illegitimate decedent can inherit and is entitled to receive letters of administration providing an order of filiation declaring paternity is made in a proceeding instituted “ within two years of the child’s birth.” In this case almost four years had elapsed before the filiation proceeding was commenced.
In rebuttal, respondent submits that said statute as applied to the facts of the instant case is unconstitutional in that it would operate to deprive the acknowledged father of equal protection of the law, citing Holden v. Alexander (39 A D 2d 476).
In Holden v. Alexander (supra) the issue was whether a putative father of an illegitimate daughter who died intestate may maintain an action for the child’s wrongful death, when there exists no prior order of filiation. The appellate court in reversing the lower court, Holden v. Alexander (supra, p. 481) stated: “EPTL 4-1.2 (subd. [a], par. [2]; and subd. [b]) is hereby declared unconstitutional as applied and limited to the Specific facts of the case at bar (see Prudential Ins. Co. v. Her *1085 nandez [63 Misc 2d 1058] supra), as setting up an invidious discrimination between legitimates and illegitimates by requiring that an order of filiation be entered before an illegitimate or its father may be treated as a distributee of the other. It is to be noted that this decision does not defeat the sound legislative purposes of the statutes to protect against fraudulent claims of inheritance by illegitimates or their putative fathers (see Fourth Report of the Temporary State Comm, on Law of Estates [N. Y. Legis. Doc., 1965, No. 19], Appendix 18, Report No. 1.8A, pp. 233-271).”
While the decision in Holden v. Alexander (supra) would appear to be limited to the facts therein, this court considers it applicable to the case at bar. The application of EPTL 4-1.2 (subd. [a], par. [2]; subd. [b]) to the particular facts in this ease constitutes a denial of the constitutional rights of the respondent father. (Holden v. Alexander, supra; see, also, Matter of Johnson, 75 Misc 2d 502; Matter of Perez, 69 Misc 2d 538; Matter of Ortiz, 60 Misc 2d 756.)
The court, therefore, determines that both the respondent and petitioner are equally entitled to letters. In such a case, the court in its discretion may grant letters to either or both (SCPA 1001, subd. 1). In the exercise of its discretion, the court will grant limited letters to the petitioner upon her duly qualifying.